United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Bell Northern Research, LLC,<br>Plaintiff,<br><br>v.<br><br>HMD America, Inc., and others,<br>Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 22-22706-Civ-Scola<br>)<br>)<br>)<br>) |

### Order Authorizing Alternate Service of Process

This matter is before the Court upon the Plaintiff's Unopposed Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (ECF No. 61) seeking this Court's authorization to effectuate service of process by email. For the reasons stated herein, the Court **grants** the motion. (**ECF No. 61**.)

**1. Background**

On August 25, 2022, Plaintiff Bell Northern Research, LLC ("Bell Northern"), filed the instant civil action for patent infringement, alleging that the Defendants are engaging in "unauthorized and licensed use of" certain of Bell Northern's patents. (Compl., ECF No. 1, ¶ 43.)

In its Motion, the Plaintiff requests an order authorizing service of process on one Defendant, Shenzhen Chino-E Communication Co. Ltd. ("Chino-E") by email service. (Mot. at 1.) The Plaintiff has attempted multiple methods of contacting and serving Defendant Chino-E, including emailing a waiver of service packet to the email addresses available on Chino-E's website, mailing a waiver of service packet to Chino-E's South Korean and Chinese mailing addresses via FedEx, and calling Chino-E's business phone number listed on its website. (Mot. at 1-3; Ex. A.) Chino-E has not responded to any of these attempted communications. (*Id.*) The Plaintiff has served or obtained waivers of service from the rest of the Defendants, none of whom have objected to the relief requested here. (*Id.* at 9.)

**2. Analysis**

Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Service pursuant to Rule 4(f)(3) is neither "a last resort nor extraordinary relief." *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). All that is

required is that the proposed service is not prohibited by international agreement and such service comports with Constitutional due process, meaning that it is "reasonably calculated" to provide the defendants notice and an opportunity to defend. *See Rio Props.*, 284 F.3d at 1016; *see also Chanel, Inc. v. Zhixian*, No. 10-cv-60585, 2010 WL 1740695, at *2–3 (S.D. Fla. Apr. 29, 2010) (Cohn, J.).

The Hague Convention does not expressly preclude service by email. *See Louis Vuitton Malletier v. Individuals, P'ships and Uninc. Ass'ns.*, No. 20-61122-CIV, 2020 WL 4501765, at *1 (S.D. Fla. June 9, 2020) (Altonaga, C.J.) And where, as here for certain of the Defendants, the address of the person to be served is not known, alternative service is not prohibited by international agreement. *See Mycoskie, LLC v. 1688best*, No. 18-cv-60925, 2018 WL 4775643, at *1 (S.D. Fla. July 2, 2018) (Moore, J.) ("Article 1 of the Hague Service Convention states that '[t]his Convention shall not apply where the address of the person to be served with the document is not known.'"). Service of process by email has been upheld in circumstances similar to those here. *See, e.g., Rio Props.*, 284 F.3d at 1018 ("When faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process."); *see also Louis Vuitton*, 2020 WL 4501765, at *2 (holding that service by email and website posting is permitted where the defendants "conduct[] their businesses over the Internet," "use[] email regularly in their businesses," and the plaintiff shows that email is "likely to reach defendants").

Here, Defendant Chino-E has at least one known and valid form of electronic contact, lists those forms of electronic contact on its website, and the Plaintiff has previously attempted to communicate with the Defendant at those email addresses. (Mot. at Ex. A.)

Service by email is therefore reasonably calculated, under all circumstances, to apprise the Defendant of the pending action and afford it an opportunity to respond. Moreover, these are the most likely means of communication to reach the Defendant, who operates via the Internet and relies on electronic communications for the operation of its businesses. *See Tiffany (NJ) LLC v. Dorapang Franchise Store*, No. 18-cv-61590, 2018 WL 4828430, at *3 (S.D. Fla. July 17, 2018) (Ungaro, J.).

For these reasons, the Court **grants** the Plaintiff's motion. (**ECF No. 61**.) The Plaintiff is permitted to serve the Summonses, Complaint, and all other filings and discovery in this matter upon Defendant Chino-E by sending emails to the Defendant via the email accounts identified in Section V of the motion. The Plaintiffs shall file an email delivery confirmation, under Federal Rule of Civil Procedure 4(l)(2)(B), as proof of service for Defendant Chino-E.

**Done and ordered** at Miami, Florida, on October 21, 2022.

                                                    Robert N. Scola, Jr.
                                                    United States District Judge