# IN UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BELL NORTHERN RESEARCH, LLC, <br><br>  Plaintiff, <br><br>  v. <br><br> HMD AMERICA, INC., HMD GLOBAL OY, SHENZHEN CHINO-E COMMUNICATION CO. LTD., HON HAI PRECISION INDUSTRY CO., LTD, TINNO MOBILE CORP., SHENZHEN TINNO MOBILE CO., LTD., UNISOC TECHNOLOGIES CO. LTD., SPREADTRUM COMMUNICATIONS USA, INC., WINGTECH TECHNOLOGY CO., LTD., WINTECH INTERNATIONAL, INC., HUAQIN CO. LTD., BEST BUY CO., INC., BEST BUY STORES L.P., TARGET CORP., WALMART INC., <br><br>  Defendants. | Case No. 1:22-cv-22706-RNS |

**DEFENDANTS UNISOC TECHNOLOGIES CO. LTD.'S AND SPREADTRUM COMMUNICATIONS USA, INC.'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND ......................................................................................................... 1

    A. Unisoc lacks contacts with Florida and the United States ...................................... 1

    B. Spreadtrum lacks contacts with Florida ................................................................. 2

    C. Plaintiff's allegations ............................................................................................. 3

III. THIS COURT LACKS PERSONAL JURISDICTION OVER UNISOC AND SPREADTRUM ........................................................................................................ 4

    A. The Court lacks general jurisdiction over Unisoc and Spreadtrum ........................ 5

    B. The Court lacks specific jurisdiction over Unisoc and Spreadtrum ....................... 6

    C. The Court's exercise of jurisdiction over Unisoc and Spreadtrum would violate due process. ................................................................................................ 7

IV. THE COMPLAINT FAILS TO PLAUSIBLY ALLEGE INFRINGEMENT BY UNISOC AND SPREADTRUM ................................................................................ 8

    A. Plaintiff Fails to Allege Plausible Facts for Its Direct Infringement Claims .......... 9

    B. Plaintiff Fails to Allege Facts Required to Plead Indirect Infringement .............. 10

    C. Plaintiff Fails to Allege Facts Required to Plead Willful Infringement ............... 11

V. THE CASE SHOULD BE DISMISSED FOR IMPROPER VENUE AS TO SPREADTRUM ...................................................................................................... 11

VI. CONCLUSION ......................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
   689 F.3d 1358 (Fed. Cir. 2012)..................................................................................... 8

*Alpha Tech. U.S.A. Corp. v. MLSNA Dairy Supply, Inc.*,
   No. 6:13-cv-01062, 2013 WL 6195766 (M.D. Fla. Nov. 26, 2013)........................ 6

*Asahi Metal Industry Co. v. Superior Court*,
   480 U.S. 102 (1987)............................................................................................. 7, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).......................................................................................... 5, 7, 10

*Atmos Nation, LLC v. BnB Enter., LLC*,
   No. 0:16-cv-62083-CIV, 2017 WL 5004844 (S.D. Fla. Aug. 22, 2017)............... 11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................................... 9, 10

*Carmouche v. Tamborlee Mgmt., Inc.*,
   789 F.3d 1201 (11th Cir. 2015) ............................................................................. 4, 5

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015)............................................................................................... 10

*Conformis, Inc. v. Zimmer Biomet Holdings, Inc.*,
   No. 1:19-cv-01528, 2022 WL 1909386 (D. Del. June 3, 2022) ........................... 9

*CTP Innovations, LLC v. Solo Printing, Inc.*,
   No. 1:14-cv-21499, 2014 WL 11997838 (S.D. Fla. July 15, 2014) ..................... 11

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)............................................................................................... 5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)............................................................................................... 9, 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   131 S. Ct. 2846 (2011).......................................................................................... 4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016)................................................................................................ 11

*In re Cray Inc.*,
    871 F.3d 1355 (Fed. Cir. 2017) .................................................................................... 12

*In re Takata Airbag Prods. Liab. Litig.*,
    396 F. Supp. 3d 1101 (S.D. Fla. 2019) ......................................................................... 7

*In re Zantac (Ranitidine) Prod. Liab. Litig.*,
    No. 9:20-md-02924, 2020 WL 6907056 (S.D. Fla. Nov. 24, 2020) ........................... 4

*In re ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018) .................................................................................. 12

*Int'l Shoe Co. v. State of Wash*,
    326 U.S. 310 (1945) ...................................................................................................... 7

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017) ................................................................................................ 12

*United Techs. Corp. v. Mazer*,
    556 F.3d 1260 (11th Cir. 2009) .................................................................................... 4

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) .................................................................................................. 6, 8

*Zanakis v. Scanreco, Inc.*,
    No. 1:18-cv-21813-UU, 2019 WL 2211872 (S.D. Fla. Feb. 6, 2019) ........................ 7

**Statutes**

28 U.S.C. § 1400 .............................................................................................................. 11, 12

35 U.S.C. § 271 ............................................................................................................ 8, 9, 10

Fla. Stat. § 48.193 ............................................................................................................... 5, 6

**Rules**

Fed. R. Civ. P. 12 ............................................................................................................ 11, 13

I. INTRODUCTION

Unisoc (Shanghai) Technologies Co., Ltd. ("Unisoc") is a Chinese semiconductor company.[1] Spreadtrum Communications USA Inc. ("Spreadtrum"), a subsidiary of Unisoc, is incorporated in Delaware and has an office in California. Neither Unisoc nor Spreadtrum make, sell, or import any products in the United States. Plaintiff's conclusory allegations, e.g., that Unisoc and Spreadtrum have "a regular and established place of business within this District" (ECF No. 1 at ¶¶ 26, 27), are both unfounded and contradicted by affidavit evidence submitted herewith. The Court lacks personal jurisdiction over Unisoc and Spreadtrum and should dismiss the Complaint against them. Further, because Spreadtrum does not reside or have a regular and established place of business in this District, the Court should dismiss the Complaint as to Spreadtrum for improper venue.

The Court should also dismiss the Complaint as to Unisoc and Spreadtrum for failure to state a claim. Plaintiff groups all defendants together and broadly alleges that mobile phones and tablets infringe thirteen patents but fails to identify any Unisoc or Spreadtrum product, service, or activity. Plaintiff fails to provide notice of its allegations of direct, indirect, and willful infringement against Unisoc and Spreadtrum. For this reason, such claims should be dismissed.

II. BACKGROUND

A. **Unisoc lacks contacts with Florida and the United States**

Unisoc is a Chinese semiconductor company organized under the laws of the People's Republic of China and has its principal place of business in Shanghai, China. *See* Declaration of Zhen Zhang, attached hereto as **Exhibit 1** (Zhang Decl.), ¶¶ 3-4. Unisoc does not develop, design, manufacture, advertise, market, sell, import, or distribute products in the United States. Zhang

---

[1] The Complaint incorrectly identifies Unisoc as "Unisoc Technologies Co. Ltd."

1

Decl. ¶ 5. Unisoc does not provide any post-sales service or support in the United States. Zhang Decl. ¶ 6. Unisoc is not registered to conduct business in Florida or any other state in the United States. Zhang Decl. ¶ 8. Unisoc has no employees in the United States. Zhang Decl. ¶ 8. Unisoc does not own or lease any real or personal property in the United States. Zhang Decl. ¶ 9. Unisoc does not maintain a bank account in the United States and does not pay taxes in the United States. Zhang Decl. ¶ 10.

Customers may incorporate Unisoc's chipsets in downstream products (e.g., mobile phones and tablets) and sell such downstream products in China or elsewhere in the world. Zhang Decl. ¶ 11. Unisoc has no control over the incorporation of its chipsets into any downstream products and has no control over the distribution or sale of the downstream products. Zhang Decl. ¶ 11. The manufacturers of downstream products have no obligations to inform Unisoc of the sales of downstream products. Zhang Decl. ¶ 11.

### B. Spreadtrum lacks contacts with Florida

Spreadtrum is a separate business entity from Unisoc. *See* Declaration of Yalei Mao, attached hereto as **Exhibit 2** (Mao Decl.), ¶ 3. Spreadtrum is incorporated in Delaware and has an office in California. Mao Decl. ¶ 4. It does not have any office or place of business in Florida. Mao Decl. ¶ 7. Spreadtrum is a company directed to researching and developing semiconductor parts, primarily radio frequency transceivers. Mao Decl. ¶ 5. It does not manufacture, sell, or distribute any products or services. Mao Decl. ¶ 5. Spreadtrum does not develop, design, manufacture, advertise, market, sell, import, or distribute products in Florida. Mao Decl. ¶ 6. Spreadtrum has no employees in Florida. Mao Decl. ¶ 7. Spreadtrum does not own or lease any real or personal property in Florida. Mao Decl. ¶ 8. Spreadtrum does not maintain a bank account in Florida and does not pay taxes in Florida. Mao Decl. ¶ 9.

### C. Plaintiff's allegations

Plaintiff alleges thirteen counts of patent infringement by the "Accused Instrumentalities," defined as Nokia mobile phones and tablets. ECF No. 1 at ¶¶ 113-388. Plaintiff's allegations comprise only conclusory statements such as "each Defendant has and continues to directly [or indirectly] infringe one or more claims of" each patent by selling, offering to sell, making, using and/or providing and causing to be used the Accused Instrumentalities. *Id.* at ¶¶ 117, 140, 162, 184, 208, 228, 248, 267, 289, 310, 327, 345, 368. The Complaint lacks any factual statement as to what activities Unisoc or Spreadtrum performs that allegedly infringe the asserted patents.

For each defendant, Plaintiff alleges that it "sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce that incorporate infringing technology, knowing that they would be sold in this judicial district and elsewhere in the United States." *Id.* at ¶¶ 3-18. Plaintiff again fails to identify any specific Unisoc or Spreadtrum "products and services" allegedly sold in this district or anywhere else.

Plaintiff also alleges that each defendant "has committed acts of infringement in this District and has a regular and established place of business within this District." *Id.* at ¶¶ 22-34. Plaintiff does not identify any alleged "regular and established place of business within this District" for Unisoc or Spreadtrum. *Id.* at ¶¶ 26, 27. Nor does Plaintiff allege any facts supporting its conclusion that each of Unisoc and Spreadtrum "has committed acts of infringement in this District." *Id.* Plaintiff then concludes:

> Upon information and belief, each Defendant is subject to this Court's general and specific personal jurisdiction, because each Defendant has sufficient minimum contacts within the State of Florida and this District, pursuant to due process and/or the Florida Long Arm Statute, because each Defendant purposefully availed itself of the privileges of conducting business in the State of Florida and in this District, because each Defendant regularly conducts and solicits business within the State of Florida and within this District, and because Plaintiff's causes of action arise

directly from each of Defendants' business contacts and other activities in the State of Florida and this District.

*Id.* at ¶ 35. Plaintiff does not plead any facts supporting its conclusion that Unisoc and Spreadtrum "purposefully availed itself of the privileges of conducting business in the State of Florida and in this District." *Id*. Plaintiff also does not plead any facts supporting its conclusion that each of Unisoc and Spreadtrum "regularly conducts and solicits business within the State of Florida and within this District." *Id.* Nor does Plaintiff plead what alleged Unisoc or Spreadtrum "business contacts and other activities in the State of Florida and this District" allegedly give rise to its cause of action. *Id.*

### III. THIS COURT LACKS PERSONAL JURISDICTION OVER UNISOC AND SPREADTRUM

Plaintiff fails to allege "sufficient facts to make out a prima facie case of jurisdiction" for Unisoc and Spreadtrum. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Plaintiff does not allege any fact to establish Unisoc's or Spreadtrum's contact with Florida. ECF No. 1 at ¶¶ 22-35; *see also* Section II.C. Instead, Plaintiff states for each defendant that Defendant "has committed acts of infringement in this District and has a regular and established place of business within this District." *Id.* at ¶¶ 22-34. Plaintiff then concludes that "each Defendant has sufficient minimum contacts with the State of Florida and this District." *Id.* at ¶ 35. Such generic allegations do not establish a prima facie case of personal jurisdiction because they "do not plead facts with any specificity" and "are not tailored to any of the [] Defendants named in the [] Complaint, much less to any Foreign[2] Defendant." *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 9:20-md-02924, 2020 WL 6907056, at *4 (S.D. Fla. Nov. 24, 2020); *see also Ashcroft v. Iqbal*,

---

[2] For personal jurisdiction, foreign defendants include both "sister-state" and "foreign-country" defendants. *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).

4

556 U.S. 662, 681 (2009) ("[T]he allegations are conclusory and not entitled to be assumed true."). The Court could dismiss on this basis alone.

As reflected in the accompanying affidavits, Unisoc and Spreadtrum do not have the necessary contacts with Florida sufficient for either general or specific personal jurisdiction. And the Court's exercise of jurisdiction over Unisoc and Spreadtrum would violate due process.

### A. The Court lacks general jurisdiction over Unisoc and Spreadtrum

General jurisdiction fails because Unisoc and Spreadtrum do not partake in any substantial activities in this state. A Florida Court may only properly exercise general jurisdiction over a defendant who is "engaged in substantial and not isolated activity" within Florida. Fla. Stat. § 48.193(2). Foreign corporations like Unisoc and Spreadtrum cannot be subject to general jurisdiction in a forum "unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche*, 789 F.3d at 1205. Unisoc and Spreadtrum are not registered to do business in Florida, and have no offices, real property, employees, or bank accounts in Florida. Zhang Decl. ¶¶ 8-10; Mao Decl. ¶¶ 7-9; *see also* Sections II.A and II.B. Unisoc and Spreadtrum have taken no steps to direct activities towards Florida. Zhang Decl. ¶¶ 5-12; Mao Decl. ¶¶ 6-9. Rather, Unisoc is incorporated in China and has its principal place of business in China. Zhang Decl. ¶¶ 3-4. Spreadtrum is incorporated in Delaware and has its principal of business in California. Mao Decl. ¶ 4. Unisoc and Spreadtrum do not engage in *any* activity in Florida. Zhang Decl. ¶¶ 5-12; Mao Decl. ¶¶ 6-9. Plaintiff does not identify any business of Unisoc or Spreadtrum in Florida.

General jurisdiction over a foreign defendant can be found only in an "exceptional case," requiring a showing of the defendant's substantial, continuous, and systematic contact with the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 138-39, n.19 (2014). Neither Unisoc nor Spreadtrum is such an exceptional case.

### B. The Court lacks specific jurisdiction over Unisoc and Spreadtrum

This Court also lacks specific jurisdiction over Unisoc and Spreadtrum under Florida's long-arm statute because Unisoc and Spreadtrum do not engage in *any* business activity in Florida. A Florida Court may exercise specific jurisdiction over a defendant that "operat[es], conduct[s], engag[es] in, or carr[ies] on a business or business venture" in Florida. Fla. Stat. § 48.193(1)(a)(1). The Complaint is devoid of any factual allegation that Unisoc or Spreadtrum has any contact giving rise to Plaintiff's patent infringement claims. As noted above, Unisoc and Spreadtrum are not involved in any business activities in Florida (*see, e.g.*, Sections II.A and III.B), and as a result, the claims in the Complaint directed toward Unisoc and Spreadtrum cannot "arise[] from" or be "directly related to" any contact with Florida. *See Alpha Tech. U.S.A. Corp. v. MLSNA Dairy Supply, Inc.*, No. 6:13-cv-01062, 2013 WL 6195766, at *5 (M.D. Fla. Nov. 26, 2013) ("Courts may exercise specific jurisdiction over a nonresident defendant only when the plaintiff's cause of action arises from or is directly related to the defendant's contacts with the forum state.").

Plaintiff's stream of commerce argument is unavailing. *See* ECF No. 1 at ¶¶ 10, 11. The stream of commerce argument does not apply to Spreadtrum because Spreadtrum does not place *any* products in the stream of commerce. Spreadtrum is a research company and does not manufacture, sell, or distribute any products. Mao Decl. ¶ 5. The Court has no personal jurisdiction over Unisoc because Unisoc does not "deliver[] products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980) (finding the mere "foreseeability" that the products may end up in the forum insufficient). Unisoc does not specifically design its chipsets to meet the requirements of the U.S. market. Zhang Decl. ¶ 12. Unisoc has no distributor in the U.S. or Florida for its products and has established no distribution channel in the U.S. or Florida. Zhang Decl. ¶ 7. Indeed, Plaintiff pleads no facts suggesting that Unisoc marketed its chipsets, or any

6

final products containing Unisoc's chipsets in Florida, or any other facts that could support a stream of commerce theory. *See In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1155 (S.D. Fla. 2019) ("[S]pecific jurisdiction under the stream of commerce theory will not be sustained upon unspecific and generalized allegations.") (collecting cases). Moreover, this Court has applied the more stringent "stream of commerce plus" test that requires an action of the defendant "purposefully directed toward the forum State." *Zanakis v. Scanreco, Inc.*, No. 1:18-cv-21813-UU, 2019 WL 2211872, at *7-9 (S.D. Fla. Feb. 6, 2019) (quoting *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112 (1987)). Under the "stream of commerce plus" test, "'awareness that the stream of commerce may or will sweep the product into the forum State' is not enough to establish personal jurisdiction." *Id.* at *7 (quoting *Asahi*, 480 U.S. at 112). Plaintiff does not allege any activity of Unisoc or Spreadtrum "purposefully directed toward" Florida.

  **C.**  **The Court's exercise of jurisdiction over Unisoc and Spreadtrum would violate due process.**

It would be unconstitutional and inconsistent with due process for this Court to exercise jurisdiction over Unisoc and Spreadtrum because Unisoc and Spreadtrum do not have sufficient "minimum contacts" with the state of Florida. *Int'l Shoe Co. v. State of Wash*, 326 U.S. 310, 316 (1945). The Complaint alleges, without factual support, that "each Defendant has sufficient minimum contacts within the State of Florida and this District." ECF No. 1 at ¶ 35. Plaintiff's allegations are not supported by facts but rather are "conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

Unisoc and Spreadtrum lack *any* contacts with Florida. Spreadtrum and Unisoc have never been engaged in trade and commerce in Florida. Zhang Decl. ¶¶ 5-12; Mao Decl. ¶¶ 6-9; *see also* Sections II.A and II.B. Spreadtrum has its office in California and does not manufacture or sell any products anywhere in the United States. Mao Decl. ¶¶ 4-5. Unisoc does not engage in

7

manufacture in Florida or sales purposefully directed towards Florida. Zhang Decl. ¶¶ 5-7; *see Asahi*, 480 U.S. at 112 (holding that the mere placement of a product in the stream of commerce, without more, was not an act of the defendant purposefully directed toward the forum state; additional conduct such as advertising or marketing product in the forum state was necessary for finding of minimum contacts); *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012) (dismissing patent infringement claims on personal jurisdiction grounds where plaintiff failed to identify substantial infringing activity in the forum). Unisoc and Spreadtrum lack any contacts with Florida, and Plaintiff cannot meet its burden of proving purposeful availment and relatedness.

Because of the lack of contact with this state, Unisoc and Spreadtrum could not have "reasonably anticipate[d] being hailed into court" in Florida. *World-Wide Volkswagen*, 444 U.S. at 297. Forcing Unisoc and Spreadtrum to litigate in this forum where they have no contacts would violate traditional notions of fair play and substantial justice and unconstitutionally deprive Unisoc and Spreadtrum of due process.

## IV. THE COMPLAINT FAILS TO PLAUSIBLY ALLEGE INFRINGEMENT BY UNISOC AND SPREADTRUM

As stated above, the Court should dismiss Plaintiff's Complaint against Unisoc and Spreadtrum for lack of jurisdiction. If the Court nonetheless concludes jurisdiction is appropriate, the Complaint still should be dismissed because Plaintiff fails to state a claim against Unisoc and Spreadtrum for direct, indirect, or willful infringement. A direct infringement claim requires particular actions to occur in or into the United States. *See* 35 U.S.C. § 271(a). But Plaintiff fails to provide a single factual allegation that Unisoc or Spreadtrum engages in activity in or into the United States that would, if true, give rise to direct infringement. Nor does Plaintiff identify any Unisoc or Spreadtrum product that allegedly infringes. Plaintiff's claims for indirect infringement

8

and willful infringement are also deficient for failing to allege any facts showing specific intent to infringe and knowledge of infringement required by the law. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

### A. Plaintiff Fails to Allege Plausible Facts for Its Direct Infringement Claims

The Complaint fails to allege any specific Unisoc or Spreadtrum activity in the United States to plead direct infringement. Unisoc is a Chinese corporation. It does not make, use, offer to sell, or sell any products "within the United States," or import any products "into the United States" as required by 35 U.S.C. § 271(a). Spreadtrum does not make, offer to sell, sell, or import any products in the United States or anywhere else in the world. Plaintiff alleges generically that each defendant infringes the asserted patents "by making, using, offering for sale, selling, offering for lease, leasing in the United States, and/or importing into the United States without authority or license, the Accused Instrumentalities." ECF No. 1 at ¶¶ 124, 145, 171, 192, 215, 232, 251, 273, 294, 315, 333, 352, 377. These bare, conclusory allegations are no more than a "formulaic recitation of the elements of a cause of action" and are insufficient as a matter of law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nowhere does Plaintiff specifically allege infringing activity by Unisoc or Spreadtrum taking place in the United States, as required by § 271(a) for direct infringement. *See also Conformis, Inc. v. Zimmer Biomet Holdings, Inc.*, No. 1:19-cv-01528, 2022 WL 1909386, at *4 (D. Del. June 3, 2022) (dismissing direct infringement claim because the Complaint does not "specifically allege any infringing activity by [defendant] taking place in the United States").

The Complaint also fails to identify *any* Unisoc or Spreadtrum product that allegedly infringes the asserted patents. Plaintiff identifies Nokia branded mobile phones and tablets as "Accused Instrumentalities." ECF No. 1 at ¶¶ 113-388. But Unisoc and Spreadtrum do not make,

9

sell, or import such "Accused Instrumentalities." The Complaint thus fails to give "fair notice" of any claim against Unisoc or Spreadtrum. *Twombly*, 550 U.S. at 555.

Dismissal of the Complaint's direct infringement allegations against Unisoc and Spreadtrum is appropriate.

        **B.**        **Plaintiff Fails to Allege Facts Required to Plead Indirect Infringement**

Infringement claims under 35 U.S.C. § 271(b) require a showing that the defendant had "knowledge of patent infringement" and had specific intent to cause infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639, 642 (2015) (citing *Global-Tech*, 563 U.S. at 766). The Complaint has shown neither. Plaintiff has not pled any facts to demonstrate Unisoc's or Spreadtrum's knowledge of the asserted patents or infringement thereof. As explained Section IV.A, the Complaint does not identify any specific Unisoc or Spreadtrum product that allegedly infringes the asserted patents, directly or indirectly, much less that Unisoc or Spreadtrum knowingly caused patent infringement in connection with any unidentified product.

In addition, the Complaint declares, without any factual support, that "each Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities." ECF No. 1 at ¶¶ 131, 153, 176, 199, 220, 239, 258, 280, 301, 319, 337, 360, 384. This conclusory statement is insufficient to establish induced infringement. *Iqbal*, 556 U.S. at 681 ("[T]he allegations are conclusory and not entitled to be assumed true."). Indeed, Unisoc and Spreadtrum do not design or sell the Accused Instrumentalities, so it is nonsensical to allege that Unisoc and Spreadtrum advertise, distribute, or provide instruction materials for "the Accused Instrumentalities."

Plaintiff's claims fail because the Complaint does not contain factual allegations that create a "reasonable inference" of specific intent to cause patent infringement. *Iqbal*, 556 U.S. at 678.

### C. Plaintiff Fails to Allege Facts Required to Plead Willful Infringement

The Complaint has "pled no facts to suggest that Defendant had knowledge, let alone the circumstances indicating egregious behavior" necessary to plead an allegation of willful infringement. *See Atmos Nation, LLC v. BnB Enter., LLC*, No. 0:16-cv-62083-CIV, 2017 WL 5004844, at *2 (S.D. Fla. Aug. 22, 2017). Rather, the Complaint simply concludes, without any factual support, that each Defendant's infringement "is willful and deliberate." ECF No. 1 at ¶¶ 133, 155, 178, 201, 241, 260, 282, 303, 361, 385; *see also id.* at ¶¶ 222, 321, 339 (alleging infringement "is exceptional"). As explained Section IV.A, the Complaint does not identify any specific Unisoc or Spreadtrum product that allegedly infringes the asserted patents, much less that Unisoc and Spreadtrum have acted with the "sort of conduct warranting enhanced damages" (i.e., conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate"). *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103-04 (2016). Nor does the Complaint allege any facts supporting that Unisoc and Spreadtrum had any pre-suit knowledge of the patents. *CTP Innovations, LLC v. Solo Printing, Inc.*, No. 1:14-cv-21499, 2014 WL 11997838, at *3 (S.D. Fla. July 15, 2014) (dismissing willfulness allegation for lack of pre-suit knowledge). Plaintiff's "willfulness allegations are nearly non-existent and do not satisfy the standards of pleading," and thus, should be dismissed. *See Atmos*, 2017 WL 5004844, at *2.

### V. THE CASE SHOULD BE DISMISSED FOR IMPROPER VENUE AS TO SPREADTRUM

The Complaint should be dismissed under Rule 12(b)(3) as to Spreadtrum because venue is improper in the Southern District of Florida. Venue is proper when a suit is brought "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). These

requirements derive from "the sole and exclusive provision controlling venue" in any action for patent infringement. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). Spreadtrum does not reside or have a regular and established place of business in this District.

Under 28 U.S.C. § 1400(b), a corporate defendant "resides" only in its State of incorporation. *See TC Heartland*, 137 S. Ct. at 1517. Spreadtrum is incorporated in Delaware, not in Florida. Mao Decl. ¶ 4. The complaint does not allege otherwise. ECF No. 1 at ¶ 11. There can be no genuine dispute that Spreadtrum's corporate residency does not support venue in this District.

Venue is also improper for Spreadtrum under the second part of § 1400(b), which specifies venue is appropriate only where "the defendant . . . has a regular and established place of business." § 1400(b). Spreadtrum does not have a "regular and established place of business" in this District. To have a "regular and established place of business," a defendant must have "(1) . . . a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Spreadtrum does not have a physical place in the District. Spreadtrum has no offices, warehouses, telephone, or any regular place of business within the District. Mao Decl. ¶ 7. The Complaint falsely alleges, with no supporting evidence, that Spreadtrum "has a regular and established place of business within this District." ECF No. 1 at ¶ 27. Here, Spreadtrum has controverted the Complaint's unsupported allegation with sworn testimony to the contrary. Plaintiff has not met its burden to establish venue in this District, nor can it. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018) ("[U]pon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue."). This case merits

dismissal as to Spreadtrum or, in the alternative, transfer to the Southern District of California where Spreadtrum has a principal place of business.

## VI. CONCLUSION

For the above reasons, the Court should dismiss this case as to Unisoc and Spreadtrum under Federal Rule of Civil Procedure 12(b)(2) or 12(b)(6). The Court should also dismiss this case as to Spreadtrum under Federal Rule of Civil Procedure 12(b)(3).

Respectfully submitted,

*/s/ Terri Ellen Tuchman Meyers*
Terri Ellen Tuchman Meyers
Fla. Bar No. 881279
tmeyers@klugerkaplan.com
Marissa Reichel
Fla. Bar No. 1016190
**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
201 S. Biscayne Boulevard
Twenty Seventh Floor
Miami, FL 33131
Tel: (305) 379-9000

Qingyu Yin (*pro hac vice pending*)
qingyu.yin@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue N.W.
Washington, DC 20001
Tel: (202) 408-4000

Benjamin R. Schlesinger (*pro hac vice pending*)
Benjamin.schlesinger@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
271 17th Street, NW, Suite 1400
Atlanta, GA 30363-6209
Tel: (404) 653-6416

Jacob A. Schroeder (*pro hac vice pending*)
jacob.schroeder@finnegan.com

**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, CA 94304
Tel: (650) 849-6600

Yi Yu (*pro hac vice pending*)
yi.yu@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer St., Suite 800
Reston, VA 20190
Tel: (571) 203-2700

*Attorneys for Defendants Unisoc Technologies Co., Ltd. and Spreadtrum Communications USA Inc.*