IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BELL NORTHERN RESEARCH, LLC, | )<br>) |
| Plaintiff, | ) Case No. 1:22-cv-22706-RNS<br>) |
| v. | )<br>) |
| HMD AMERICA, INC., HMD GLOBAL OY, SHENZHEN CHINO-E COMMUNICATION CO. LTD., HON HAI PRECISION INDUSTRY CO., LTD, TINNO MOBILE TECHNOLOGY CORP., SHENZHEN TINNO MOBILE CO., LTD., TINNO USA, INC., UNISOC TECHNOLOGIES CO. LTD., SPREADTRUM COMMUNICATIONS USA, INC., WINGTECH TECHNOLOGY CO. LTD., WINGTECH INTERNATIONAL, INC., HUAQIN CO. LTD., BEST BUY CO., INC., BEST BUY STORES L.P., TARGET CORP., WALMART INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS UNISOC TECHNOLOGIES CO. LTD.'S, SPREADTRUM COMMUNICATIONS USA, INC.'S, AND HON HAI PRECISION INDUSTRY CO., LTD.'S  MOTION TO STAY DISCOVERY AND OTHER DEADLINES AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Unisoc (Shanghai) Technologies Co., Ltd. ("Unisoc"), Spreadtrum Communications USA Inc. ("Spreadtrum"), and Hon Hai Precision Industry Co., Ltd. ("Hon Hai") (collectively "Defendants"), through their undersigned counsel, hereby file this Motion to Stay Discovery and Other Deadlines, and incorporated memorandum of law, and state as follows:

1.      Given the procedural posture of this case, Defendants request a stay of discovery and all other deadlines as to Unisoc, Spreadtrum, and Hon Hai, until this Court has ruled upon

Defendants' motions to dismiss (ECF Nos. 78, 91), which are currently pending and case-dispositive as to Unisoc, Spreadtrum, and Hon Hai.

2. On August 25, 2022, Plaintiff filed its Complaint (ECF No. 1) in this action, alleging thirteen counts of patent infringement by the "Accused Instrumentalities," defined as Nokia mobile phones and tablets. ECF No. 1 at ¶¶ 113-388.

3. On December 19, 2022, Unisoc and Spreadtrum filed a Motion to Dismiss (ECF No. 91) on the ground that this Court lacks personal jurisdiction over Unisoc and Spreadtrum, and Hon Hai filed a Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 78).[1] On December 28, 2022, Plaintiff filed a motion to extend the time to respond to Defendants' motions until January 24, 2023 (ECF No. 104), and the Court granted Plaintiff's motion (ECF No. 105).

4. Because Defendants' motions to dismiss (ECF Nos. 78, 91) are meritorious and case dispositive as to Unisoc, Spreadtrum, and Hon Hai, Defendants respectfully request a stay of all discovery and pending deadlines in this case as to Unisoc, Spreadtrum, and Hon Hai (other than matters dealing directly with Defendants' motions to dismiss themselves) until after this Court has ruled on Defendants' motions to dismiss.

5. A stay would preserve judicial and party resources that would be expended unnecessarily in prematurely litigating thirteen patents.

## MEMORANDUM OF LAW

Binding precedent and the applicable rules of civil procedure authorize abating all or part of proceedings pending adjudication of case dispositive motions. A district court has "broad

---

[1] Unisoc and Spreadtrum's Motion to Dismiss also seeks to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6).

discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes the power to stay discovery pending resolution of a case dispositive motion. *See, e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). Indeed, "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.* Plaintiff's allegations against Defendants are such claims.

In addition, Rule 26(c) of the Federal Rules of Civil Procedure provides that upon good cause shown, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [or] specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery." "To stay discovery under Rule 26(c) due to a pending dispositive motion, 'good cause and reasonableness' must exist." *United States v. Med-Care Diabetic & Med. Supplies, Inc.*, No. 9:10-cv-81634, 2014 WL 12284078, at *1 (S.D. Fla. June 17, 2014) (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). This determination requires "the Court to take a 'preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* In situations where a motion to dismiss will likely dispose of the case, district courts grant motions to stay discovery. *Id.* (granting motion to stay discovery pending ruling on motion to dismiss); *Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Capital Mgmt., LLC*, No. 1:09-cv-21622, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009) (stay of discovery was appropriate pending ruling on motion to dismiss);

*Allmond v. City of Jacksonville*, No. 3:07-cv-01139, 2008 WL 2704426, at *3 (M.D. Fla. July 8, 2008) (granting motion to stay discovery pending resolution of motions to dismiss).

Due to the procedural posture of this case, and because the motions to dismiss (ECF Nos. 78, 91) are meritorious and case dispositive as to Unisoc, Spreadtrum, and Hon Hai, this Court should exercise its discretion and grant a stay of all discovery and other deadlines as to Unisoc, Spreadtrum, and Hon Hai (except as they relate or pertain directly to the motions to dismiss) until after the Court has ruled upon the motions to dismiss currently pending before the Court. *Med-Care Diabetic & Med. Supplies*, 2014 WL 12284078 at *1; *Tradex Glob. Master Fund*, 2009 WL 10664410 at *1; *Allmond*, 2008 WL 2704426 at *3. Defendants' motions to dismiss (ECF Nos. 78, 91) demonstrate that jurisdiction over Unisoc, Spreadtrum, and Hon Hai is not proper before this Court, and thus, they should not be subject to the significant discovery required to litigate the thirteen patents at issue here.

"[W]hen faced with legitimate jurisdictional challenges like those present in Defendants' Motion to Dismiss, discovery should not commence until such challenges are resolved." *Lewis v. Mercedes-Benz USA, LLC*, No. 9:19-cv-81220, 2020 WL 4923640, at *3-4 (S.D. Fla. Mar. 25, 2020) (granting stay because defendants "should not be forced to expend substantial resources answering discovery given the jurisdictional and facial challenges pending before the Court"); *see also Gillier v. Servicios Agecom, LLC*, No. 1:17-cv-23155, 2017 WL 6994217, at *1 (S.D. Fla. Nov. 27, 2017) ("[W]ithout the benefit of Gillier's response to the motions to dismiss, the Court's 'preliminary peek' nonetheless reveals a strong likelihood of the motions' being granted."). Staying discovery will not prejudice Plaintiff and prevents the unnecessary expenditure of the parties' and the Court's resources. Complex cases, such as this one, are particularly apt to be stayed because discovery "has the potential to consume vast resources." *In*

4

*re Managed Care Litig.*, No. 1:00-md-01334, 2001 WL 664391, at *3 (S.D. Fla. June 12, 2001); *see also Gibson v. Lynn Univ., Inc.*, No. 9:20-cv-81173, 2020 WL 6700448, at *2 (S.D. Fla. Oct. 29, 2020) (granting stay after "having balanced the minimal harm produced by a brief delay in discovery in this case against the possibility that the Motion to Dismiss will be granted and eliminate the need for discovery").

Plaintiff asserts Defendants infringe thirteen patents, directly and indirectly. The burden of responding to discovery on each of these allegations disproportionately falls on Defendants, and will require a significant expenditure by Defendants to search for, collect, review, and produce information responsive to Plaintiff's requests. In addition, because Unisoc and Hon Hai are entities in China Mainland and Taiwan, the nature and scope of discovery in this action necessitates information located in China Mainland and Taiwan, which imposes additional burden and cost of compliance with foreign rules and regulations. If the Court does not have jurisdiction over Defendants, the costs Defendants will incur propounding this discovery would be meaningless.

Notably, the Court would also be substantially burdened if discovery is not stayed, as it would be required to devote its judicial resources to addressing discovery issues relating to parties over which the Court may ultimately find it lacks jurisdiction. A wide range of discovery disputes are common in, and unique to, patent litigation. *Suncast Techs., L.L.C. v. Patrician Prod., Inc.*, No. 9:07-cv-80414, 2008 WL 179648, at *9 (S.D. Fla. Jan. 17, 2008). Such patent discovery disputes increase with the number of patents directed to different technological features. Plaintiff has asserted a total of thirteen patents here, and the Court would likely need to employ phased discovery to manage this case regardless. Indeed, Judge Albright in the Western District of Texas, who has overseen one of the busiest patent dockets in the country, stays most

discovery until after the *Markman* hearing. *See* Standing Order Governing Proceedings (OGP) 4.2 - Patent Cases, at 3, available at https://www.txwd.uscourts.gov/wp-content/uploads/2023/01/Standing-Order-Governing-Proceedings-Patent-Cases-091622.pdf.

Finally, Plaintiff will suffer no harm if discovery is stayed because, even if the case proceeds after the motions to dismiss, "Plaintiff will have ample opportunity to conduct discovery." *See Goldstein v. Costco Wholesale Corp.*, No. 9:21-cv-80601, 2021 WL 2827757, at *2 (S.D. Fla. July 8, 2021). If Defendants' motions to dismiss are granted, Plaintiff will also benefit from a stay by avoiding discovery from parties that will ultimately be dismissed from the case.

**WHEREFORE**, Defendants Unisoc, Spreadtrum, and Hon Hai respectfully request that this Court enter an Order staying discovery and all other pending deadlines in this case as to Unisoc, Spreadtrum, and Hon Hai, other than those relating directly to the motions to dismiss (ECF Nos. 78, 91) until this Court has ruled upon the case-dispositive motions to dismiss as to Unisoc, Spreadtrum, and Hon Hai, and enter such other and further relief as this Court deems just and proper.

### CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L. R. 7.1(a)(3)(A)

Pursuant to Local Rule 7.1(a)(3)(A), we hereby certify that undersigned counsel for Unisoc, Spreadtrum, and Hon Hai conferred with Plaintiff's counsel on January 6, 2023, in a good faith effort to resolve the issues raised herein, but the parties were unable to resolve the issues. Plaintiff opposes the relief requested herein.

We hereby certify that undersigned counsel for Unisoc, Spreadtrum, and Hon Hai conferred with counsel for defendants HMD America, Inc., HMD Global Oy, Tinno Mobile Technology Corp., Shenzhen Tinno Mobile Co., Ltd., Tinno USA, Inc., Wingtech Technology

Co. Ltd., Wingtech International, Inc., Best Buy Co., Inc., Best Buy Stores L.P., and Target Corp. on January 17, 2023, who advised that they do not oppose the relief requested herein. Counsel for Unisoc, Spreadtrum, and Hon Hai communicated issues raised in this Motion with counsel for Walmart Inc. via email on January 17, 2023, but did not receive a response prior to Defendants' filing of this Motion.

Dated: January 18, 2023

Respectfully submitted,

| | |
|---|---|
| _/s/ Lisa K. Nguyen_ | _/s/ Terri Ellen Tuchman Meyers_ |
| Lisa K. Nguyen | Terri Ellen Tuchman Meyers |
| Jeremy T. Elman (Florida Bar. No. 37448) | Fla. Bar No. 881279 |
| **ALLEN & OVERY LLP** | tmeyers@klugerkaplan.com |
| 550 High Street, 2nd Floor | Marissa Reichel |
| Palo Alto. CA 94301 | Fla. Bar No. 1016190 |
| Telephone: 650-388-1705 | mreichel@klugerkaplan.com |
| jeremy.elman@allenovery.com | **KLUGER, KAPLAN, SILVERMAN,** |
| lisa.nguyen@allenovery.com | **KATZEN & LEVINE, P.L**. |
| | 201 S. Biscayne Boulevard |
| Eric E. Lancaster | Twenty Seventh Floor |
| **ALLEN & OVERY LLP** | Miami, FL 33131 |
| 595 Market Street Suite 950 | Tel: (305) 379-9000 |
| San Francisco, CA 94105 | |
| Telephone: 650-388-1724 | Qingyu Yin (admitted pro hac vice) |
| eric.lancaster@allenovery.com | qingyu.yin@finnegan.com |
| | **FINNEGAN, HENDERSON, FARABOW,** |
| Noah A. Brumfield | **GARRETT & DUNNER, LLP** |
| Colby A. Davis | 901 New York Avenue N.W. |
| **ALLEN & OVERY LLP** | Washington, DC 20001 |
| 1101 New York Avenue NW | Tel: (202) 408-4000 |
| Washington, D.C. 20005 | |
| Telephone: 202-683-3847 | Benjamin R. Schlesinger (admitted pro hac vice) |
| noah.brumfield@allenovery.com | Benjamin.schlesinger@finnegan.com |
| colby.davis@allenovery.com | **FINNEGAN, HENDERSON, FARABOW,** |
| | **GARRETT & DUNNER, LLP** |
| *Attorneys for Defendant Hon Hai Precision Industry Co., Ltd* | 271 17th Street, NW, Suite 1400 |
| | Atlanta, GA 30363-6209 |
| | Tel: (404) 653-6416 |

Jacob A. Schroeder (admitted pro hac vice)
jacob.schroeder@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, CA 94304
Tel: (650) 849-6600

Yi Yu (admitted pro hac vice)
yi.yu@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer St., Suite 800
Reston, VA 20190
Tel: (571) 203-2700

*Attorneys for Defendants Unisoc (Shanghai) Technologies Co., Ltd. and Spreadtrum Communications USA Inc.*