# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22706-RNS

BELL NORTHERN RESEARCH, LLC,

      Plaintiff

v.

HMD AMERICA, INC.; HMD GLOBAL OY; SHENZHEN CHINO-E COMMUNICATION CO., LTD.; HON HAI PRECISION INDUSTRY CO., LTD.; TINNO MOBILE TECHNOLOGY CORP.; SHENZHEN TINNO MOBILE CO., LTD.; TINNO USA, INC.; UNISOC TECHNOLOGIES CO., LTD.; SPREADTRUM COMMUNICATIONS USA, INC.; WINGTECH TECHNOLOGY CO.; LTD.; WINGTECH INTERNATIONAL, INC.; BEST BUY CO., INC.; BEST BUY STORES L.P.; TARGET CORP.; WALMART INC.

      Defendants.

JURY TRIAL DEMANDED

**PLAINTIFF'S OPPOSITION TO DEFENDANT UNISOC TECHNOLOGIES CO. LTD.'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

1

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  LEGAL STANDARDS ....................................................................................................... 1

   A.   Personal Jurisdiction ................................................................................................ 1

   B.   Rule 8 Pleading Standard ......................................................................................... 2

III. ARGUMENT ...................................................................................................................... 3

   A.   This Court Has Specific Personal Jurisdiction Over Unisoc ................................... 3

   B.   This Court Has Jurisdiction Under Rule 4(k)(2) ...................................................... 7

   C.   Defendant's Arguments Alleging Inadequate Pleading Also Fail ........................... 7

   D.   Defendant's Cases Are Distinguishable ................................................................... 8

IV.  CONCLUSION ................................................................................................................. 13

i

## TABLE OF AUTHORITIES

**Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
  689 F.3d 1358, (Fed. Cir. 2012)............................................................................... 10, 11
*Alpha Tech. U.S.A. Corp. v. MLSNA Dairy Supply, Inc.*,
  No. 6:13-cv-1062-Orl-37TBS, 2013 U.S. Dist. LEXIS 167884 (M.D. Fla. Nov. 26, 2013)... 10, 11, 12
*Asahi Metal Indus. Co. v. Superior Court*,
  480 U.S. 102 (1987)................................................................................................ 12
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................... 2, 12, 15
*Atmos Nation, LLC v. BnB Enter., LLC*,
  No. 0:16-cv-62083-CIV, 2017 U.S. Dist. LEXIS 135129 (S.D. Fla. Aug. 22, 2017). ............. 16
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................... 2, 4, 14, 15
*Berry v. Budget Rent A Car Sys., Inc.*,
  497 F. Supp. 2d 1361 (S.D. Fla. 2007). ........................................................................ 9
*Carmouche v. Tamborlee Mgmt.*,
  789 F.3d 1201 (11th Cir. 2015). ............................................................................... 13
*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015)............................................................................................... 15
*Conformis, Inc. v. Zimmer Biomet Holdings, Inc.*,
  No. 1:19-cv-21499, 2022 U.S. Dist. LEXIS 99343 (D. Del. June 3, 2022). ......................... 15
*Conley v. Gibson*,
  355 U.S. 41 (1957).................................................................................................. 2
*CTP Innovations, LLC v. Solo Printing, Inc.*,
  No. 1:14-cv-21499, 2014 U.S. Dist. LEXIS 190232 (S.D. Fla. July 15, 2014). ..................... 16
*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)............................................................................................... 12
*Elecs. For Imaging, Inc. v. Coyle*,
  340 F.3d 1344 (Fed. Cir. 2003).............................................................................. 1, 2
*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)............................................................................................... 16
*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  579 U.S. 93 (2016)................................................................................................ 16
*In re Takata Airbag Prods. Liab. Litig.*,
  396 F. Supp. 3d 1101 (S.D. Fla. 2019). ...................................................................... 14
*In re Zantac (Ranitidine) Prods. Liab. Litig.*,
  Nos. 2924; 20-MD-2924, 2020 U.S. Dist. LEXIS 220610 (S.D. Fla. Nov. 24, 2020). ............. 14
*Int'l Shoe Co. v. Wash.*,
  326 U.S. 310 (1945).............................................................................................. 13
*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
  714 F.3d 1277 (Fed. Cir. 2013).................................................................................. 3
*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007)............................................................................ 3, 10
*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
  420 F.3d 1369 (Fed. Cir. 2005).................................................................................. 4

*N. Am. Philips Corp. Am. Vending Sales*, Inc.,
  3 F.3d 1576 (Fed. Cir. 1994) .......................................................................................... 8
*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*,
  203 F.3d 790 (Fed. Cir. 2000) ................................................................................. 3, 10
*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ....................................................................................... 3
*Touchcom, Inc. v. Bereskin & Parr*,
  574 F.3d 1403 (Fed. Cir. 2009) ..................................................................................... 9
*United Techs. Corp. v. Mazer*,
  556 F.3d 1260 (11th Cir. 2009), .................................................................................. 13
*Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co. Ltd.*,
  No. 2:21-CV-00378-JRG, 2022 U.S. Dist. LEXIS 205106 (E.D. Tex. Nov. 10, 2022) ......... 7, 8
*World-Wide Volkswagen v. Woodson*,
  444 U.S. 286 (1980). ............................................................................................. 5, 13
*Zanakis v. Scanreco, Inc.*,
  No. 18-cv-21813-UU, 2019 U.S. Dist. LEXIS 89210 (S.D. Fla. Feb. 5, 2019). ................. 14

Plaintiff Bell Northern Research, LLC ("Plaintiff" or "BNR") submits this brief in opposition to the motion to dismiss filed by Defendants Spreadtrum Communications USA, Inc. ("Defendant" or "Spreadtrum") and Unisoc Technologies Co., Ltd. ("Defendant" or "Unisoc"). (Dkt. 91.) Contemporaneously with the filing of this opposition paper, Plaintiff is filing an unopposed motion to dismiss Spreadtrum from this action, without prejudice. Thus, this brief is only directed to Unisoc's arguments for dismissal of the action against it.[1]

I.       INTRODUCTION

Unisoc's motion to dismiss is fundamentally flawed and should be rejected. The motion rests on an inconclusive declaration and a faulty analysis of personal jurisdiction under Rule 12(b)(2). Unisoc also neglects Rule 4(k)(2) in its entirety, which provides a further basis for this Court to exercise personal jurisdiction over it. Moreover, Unisoc's Rule 12(b)(6) arguments for dismissal of Plaintiff's infringement claims do not properly address the pleading requirements in patent cases like this one under Rule 8, which BNR has fully satisfied.

Unisoc should not be dismissed from this action as a party. Nor should Plaintiff's claims for patent infringement against Unisoc be dismissed. There is no basis for any of the relief sought in Unisoc's motion.

II.      LEGAL STANDARDS

    A.     **Personal Jurisdiction**

Federal Circuit law governs the issue of whether a court has personal jurisdiction over a defendant in a patent infringement case. *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003) (holding plaintiff established a prima facie case of specific personal jurisdiction

---

[1] Defendant Hon Hai Precision Industry Co. Ltd ("Hon Hai") separately filed its own motion to dismiss (Dkt. 78) on the same date as the motion of Unisoc and Spreadtrum. As with Spreadtrum, Plaintiff is filing contemporaneously with this paper an unopposed motion to dismiss Hon Hai from this action, also without prejudice.

1

over defendants). Indeed, "in the absence of an evidentiary hearing, a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction." *Id.* at 1349. Plaintiff has manifestly established such a *prima facie* case here. Moreover, a district court's exercise of specific personal jurisdiction over a foreign defendant, must comport with the state's long-arm statute and due process, *see id.* at 1349, both of which are satisfied here as to Unisoc.

      **B.**      **Rule 8 Pleading Standard**

Rule 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court cases, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) are clear that Federal Rule of Civil Procedure 8(a) requires only that the plaintiff "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Thus, a plaintiff asserting patent infringement need only plead facts sufficient to place a potential infringer on "notice of what activity or device is being accused of infringement." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013) (holding that plaintiff's amended complaint satisfied pleading standard for patent infringement without the identification of specific products); *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 793 (Fed. Cir. 2000) (holding 12(b)(6) motion should not have been granted where complaint alleged ownership of the asserted patent, named each individual defendant, cited to the patent allegedly infringed, and pointed to specific sections of patent law). The complaint is not required to contain specifics regarding how the allegedly infringing method works because this is something that is determined through discovery and is an inappropriate ground for Rule 12(b)(6) dismissal. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357–58 (Fed. Cir. 2007).

Indeed, "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is implausible . . . . As the Court wrote in *Twombly*, Rule 8(a) 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the allegations." *Starr v. Baca*, 652 F.3d 1202, 1216–17 (9th Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  Here, Plaintiff BNR's claims are clear and precise in the complaint, and Unisoc's motion does nothing to dent them, much less demonstrate any implausibility in those claims.

### III.   ARGUMENT

#### A.   This Court Has Specific Personal Jurisdiction Over Unisoc

Specific personal jurisdiction over Unisoc requires compliance with Florida's long-arm statute, Fla. Stat. § 48.193(1)(a)(2), and due process.  Both are satisfied here, as patent infringement is a "tort" under Florida's long-arm statute, Unisoc's platforms are distributed in this District, and nothing in Unisoc's motion demonstrates otherwise, particularly its vague declaration.

Notwithstanding that declaration, there is no doubt that Unisoc introduces infringing products into the stream of commerce within the United States, Florida and this District in particular.  As shown in Exhibit A to this brief, at least three (3) different models of Nokia phones are offered for sale in the United States, Florida and this District, including via suppliers such as Best Buy and Walmart, and all of these phones contain Unisoc platforms that are offered for sale in this District, namely the Nokia T20, Nokia 225 4G, and Nokia T10.  (*See* Ex. A at 006, 009, 024.)  All of these products are identified in Plaintiff's complaint.  (Dkt. 1 at ¶ 113.) Plaintiff's complaint also identifies the following products with Unisoc platforms: Nokia C10, Nokia C20, Nokia C21, and the Nokia G11 Plus.  (Dkt. 1 at ¶ 113; Ex. A at 012, 016, 017, 021.)

3

Patent infringement occurs wherever an allegedly infringing product is sold, offered for sale, and/or used. 35 U.S.C. § 271(a). Further, under Federal Circuit law, patent infringement causes injuries wherever infringement occurs. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1377 (Fed. Cir. 2005). Here, Unisoc has committed patent infringement by introducing products infringing BNR's patents into the stream of commerce within the United States and Florida and this District in particular. (*See* Ex. A at 006, 009, 024.) A district court does not exceed its powers if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state. *See World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297-98 (1980). That is absolutely the case here with Unisoc, as Exhibit A demonstrates. Defendant's declaration does not, and cannot rebut this evidence.

The declaration of Zhang Zhen (the "Zhen declaration") (Dkt. 91-1) is sparse on facts, and makes the following statements:

> 5. Unisoc does not develop, design, manufacture, advertise, market, sell, import, or distribute products in the United States.
>
> 6. Unisoc does not provide any post-sales service or support in the United States.
>
> 7. Unisoc has no distributor in the United States for its products and has established no distribution channel in the United States.
>
> 11. Customers may incorporate Unisoc's chipsets in downstream products (e.g. mobile phones and tablets) and sell such downstream products in China or elsewhere in the world. Unisoc has no control over the incorporation of its chipsets into any downstream products and has no control over the distribution or sale of the downstream products. The manufacturers of downstream products have no obligations to inform Unisoc of the sales of downstream products.
>
> 12. Unisoc does not specifically design its chipsets to meet the requirements of the market of United States.

(Dkt. 91-1, ¶¶ 5, 6, 7, 11, 12.) These statements are not sufficient under Rule 12(b)(2) and do not rebut Plaintiff's above, *prima facie* establishment of personal jurisdiction.

4

The Zhen declaration fails to provide any support for the above statements, including that Unisoc does not "develop, design, manufacture, advertise, market, sell, import, or distribute products in the United States." Importantly, the public evidence rebuts that declaration and shows the contrary is true. (*See* Ex. A.) Unisoc's own website also provides that it is a "leading platform chip design company" with a "business scope" that covers 128 countries and has passed shipment certification of 200+ operators worldwide," as shown below.

## UNISOC

UNISOC is a leading platform chip design company. It is one of the few companies in the world that has fully mastered 2G/3G/4G/5G, Wi-Fi, Bluetooth, TV FM, satellite communications and other related technologies. In the 5G field, UNISOC is one of the three 5G chip companies operating globally.

UNISOC has extensive expertise in large-scale chip integration and complete peripheral chip integration. UNISOC product portfolio includes mobile communication central processing units, baseband chips, AI chipsets, radio frequency front-end chips, radio frequency chips and other communication, computing and control chips, etc. UNISOC business scope covers 128 countries, and has passed shipment certification of 200+ operators worldwide. UNISOC has more than 500 customers including HONOR, realme, vivo, Samsung, moto, Hisense, ZTE, JD, UnionPay, and GREE.

UNISOC has won the National Science and Technology Progress Award five times, including one special prize and two first prizes, as well as submitted application for nearly 10,000 patents and possesses core patents such as 3G/4G/5G, multi-card multi-standby, and multi-mode.


5000+ employees


90%+ R&D engineers

(https://www.unisoc.com/en_us/home/about/61 (last accessed Jan. 30, 2023.) As shown in the Unisoc platforms on its website (unisoc.com), Unisoc has "field tested" these platforms in more than "130 countries," has "collaborat[ed] with more than 200" operators, has "mass shipment" with more than 200 operators, and indicates that their platforms are "[t]o be sold on a global scale." (Ex. A at 002, 014, 019.)

The *Viavi* case from the Eastern District of Texas is instructive. In *Viavi*, the plaintiff patent holder filed a multi-patent case against a Chinese corporate defendant. *Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co. Ltd.*, No. 2:21-CV-00378-JRG, 2022 U.S. Dist. LEXIS 205106, at *2, *6 (E.D. Tex. Nov. 10, 2022). The allegedly infringing products were "low angle shift optical filters that employ hydrogenated silicon layers as a high refractive index layer (the '[f]ilters')." *Viavi*, 2022 U.S. Dist. LEXIS 205106, at *2. Defendant manufactured and sold the filters "in China to other Chinese companies." The court found that ultimately, these filters were "sold to Samsung for use in Samsung's Galaxy cellphones. The Galaxy cellphones [were] then exported to the United States for sale throughout the country, including in the Eastern District of Texas." *Viavi*, 2022 U.S. Dist. LEXIS 205106, at *7. The court held that the defendant was subject to its personal jurisdiction under both *Asahi* stream of commerce tests. *Viavi*, 2022 U.S. Dist. LEXIS 205106, at *15.

The connection between the accused Nokia products, Unisoc, and this forum is even tighter than those in *Viavi*. In *Viavi*, the plaintiff had to break open a Samsung Galaxy phone to form the "belief" that the filter was manufactured by the defendant, and even then, the defendant submitted a declaration stating that they did not have an agreement with Samsung and that its filters could not be "directly incorporated into a smartphone or tablet." *Viavi*, 2022 U.S. Dist. LEXIS 205106, at *10, *11. Here, the public websites of the accused infringers in this case plainly show that Unisoc platforms are directly incorporated into Nokia branded phones and sold in this District in Best Buy and Walmart stores. There is even a direct link on the Unisoc website to the Nokia T20, in which the Unisoc describes the Nokia T20 as a "Product Example" for its T610 platform. (Ex. A at 003.) Furthermore, unlike the declaration in *Viavi*, the Zhen declaration does not deny that Unisoc has a commercial relationship with "Customers" that are located in this District. (Dkt. 91-1 at ¶ 11.)

Under patent law, "patent infringement occurs where the allegedly infringing sales are made." *N. Am. Philips Corp. Am. Vending Sales*, Inc., 3 F.3d 1576, 1578–79 (Fed. Cir. 1994). The undisputable fact that Unisoc's products are distributed and sold in this District mandates denial of Defendant's motion to dismiss. Plaintiff's allegations in the complaint hold, and are not refuted by the Zhen declaration, which itself is contrary to the public record. Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction should be denied.

### B. This Court Has Jurisdiction Under Rule 4(k)(2)

If the Court finds that it does not have personal jurisdiction under the stream of commerce theory in Florida, then Unisoc would still be subject to nation-wide personal jurisdiction, including in this District, based on Rule 4(k)(2) of the Federal Rules of Civil Procedure. To exercise personal jurisdiction under Rule 4(k)(2), "[1] the plaintiff's claim must arise under federal law, [2] the defendant must not be subject to jurisdiction in any state's courts of general jurisdiction, and [3] exercise of jurisdiction must comport with due process." *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1412 (Fed. Cir. 2009). All of these elements are met because this action arises under patent law, Unisoc is a Chinese company and does not contend that it is subject to any state court general jurisdiction, and as shown above, Unisoc's platforms are distributed in this District.

### C. Defendant's Arguments Alleging Inadequate Pleading Arguments Also Fail

Unisoc also incorrectly argues that Plaintiff's complaint fails to state a claim for direct, indirect and willful infringement. (Dkt. 91 at 12.) Taking the well-plead facts of the complaint as true, a court may grant a motion to dismiss only when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Berry v. Budget Rent A Car Sys., Inc.*, 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007). These standards of dismissal under Rule 12(b)(6) are clearly not met by the facts here.

A complaint for patent infringement must contain allegations identifying (a) the patents that have been infringed, (b) ownership, (c) the party that has infringed the patent, (d) how the infringement occurred, and (e) what theory of patent law the claim arises under. *Phonometrics, Inc.*, 203 F.3d at 794. Further specifics regarding how the allegedly infringing method works is something that is determined through discovery and is an inappropriate grounds for Rule 12(b)(6) dismissal. *See McZeal*, 501 F.3d at 1357-1358.

Plaintiff has amply demonstrated these five grounds for its thirteen counts of direct, indirect and willful patent infringement in its complaint against each of the Defendants, including Unisoc. (*See* Dkt. 5-1 at 28-80.) Indeed, Plaintiff goes into great detail setting forth those allegations, more than satisfying the pleading requirements in patent law. This is shown in Count I, for example, as to asserted U.S. Patent No. 8,204,554 and the allegations of direct (*see* Dkt. 1 at ¶¶ 114–129), indirect (*see* Dkt. 1 at ¶ 130) and willful (*see* Dkt. 1 at ¶¶ 129, 132) infringement against all Defendants, including Unisoc, and continues throughout the complaint as to the remaining twelve asserted patents (*see e.g.,* Dkt. 1 at ¶¶ 114–136).

Dismissal for failure to state a claim under Rule 12(b)(6) is unsupported by fact or law, and should be denied.

### D. Defendant's Cases Are Distinguishable

Each of the patent cases that Unisoc relies on in support of its Rule 12(b)(2) arguments is distinguishable from the instant case. *See AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012) (affirming dismissal of patent infringement case for lack of personal jurisdiction because the foreign defendants had insufficient contact with the forum state); *Alpha Tech. U.S.A. Corp. v. MLSNA Dairy Supply, Inc.*, No. 6:13-cv-1062-Orl-37TBS, 2013 U.S. Dist. LEXIS 167884, at *20 (M.D. Fla. Nov. 26, 2013) (court found that it did not have personal jurisdiction over plaintiff's patent claims because there was no evidence any infringing system

had made its way to Florida). *AFTG-TG* is distinguishable because there, the district court of Wyoming found, and the Federal Circuit agreed, that "there was 'no evidence or allegation that the infringing technologies or products actually reached Wyoming.'" *AFTG-TG*, 689 F.3d at 1361. That is not the case here, because Plaintiff has alleged and presented evidence that Unisoc's infringing technologies and products have actually reached Florida, and this District in particular.

In *Alpha Tech.*, the plaintiff, a Florida corporation, filed a complaint against a Wisconsin corporation that included allegations of patent infringement related to cleaning teats of milk-producing animals. *Alpha Tech.*, 2013 U.S. Dist. LEXIS 167884, at *2. The court observed that the parties were engaged in business contacts for a few months that resulted in defendant purchasing four teat scrubbing systems from plaintiff. *Alpha Tech.*, 2013 U.S. Dist. LEXIS 167884, at *10. However, the court reasoned that these limited business contacts were not enough to comport with the requirements of due process, and moreover, the "business dealings occurred before the [patent in suit] even issued." *Alpha Tech.*, 2013 U.S. Dist. LEXIS 167884, at *17. The court also found that "there [was] no evidence that any infringing system has made its way into Florida." *Alpha Tech.*, 2013 U.S. Dist. LEXIS 167884, at *19. As a result, the court granted defendant's motion to dismiss. *Alpha Tech.*, 2013 U.S. Dist. LEXIS 167884, at *24.

Here, while BNR and Unisoc have not had business contacts like the plaintiff and defendant in *Alpha Tech.*, the record shows that Unisoc products have made their way into Florida **after** the issuance of the patents in suit. Accordingly, the *Alpha Tech.* case is distinguishable from the case at bar and does not support dismissing BNR's patent infringement claims against Unisoc for lack of personal jurisdiction.

Unisoc also relies upon a number of distinguishable non-patent cases to argue that this Court cannot exercise general or specific jurisdiction over it and that dismissal supposedly is

9

appropriate under Rule 12(b)(2). *See Daimler AG v. Bauman*, 571 U.S. 117, 120, 142 (2014) (holding that alleged human-rights violations occurring entirely abroad did not support general jurisdiction in California on foreign defendant); *Ashcroft v. Iqbal*, 556 U.S. 662, 666 (2009) (addressing pleading standard in cause of action brought against federal officials); *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 116 (1987) (holding that a California court could not exercise personal jurisdiction over a Japanese defendant in a product liability action); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980) (holding that an Oklahoma court could not exercise personal jurisdiction over New York companies in a product-liability action); *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 311, 321 (1945) (holding state court of Washington had personal jurisdiction over a Delaware corporation in action involving the recovery of unpaid contributions to the state unemployment compensation fund). None of these Supreme Court cases directly addresses personal jurisdiction in the context of a patent case. Notably, their facts are far afield of anything found here and distinguishable on that basis alone.

Unisoc's attempted reliance on Eleventh Circuit precedent is similarly distinguishable. *See Carmouche v. Tamborlee Mgmt.*, 789 F.3d 1201, 1202, 1206 (11th Cir. 2015) (court lacked general jurisdiction over foreign defendant accused of negligence where alleged act of negligence occurred in Belize); *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1266 (11th Cir. 2009) (court could not exercise general jurisdiction over foreign defendant accused of stealing blueprints where alleged conduct of defendant's Belgium managing director did not create systematic business contacts with Florida). As with Defendant's Supreme Court cases, none of these Eleventh Circuit cases involves patent infringement or the challenge of personal jurisdiction in a patent case. Moreover, here, Unisoc's accused infringing activity demonstrably occurs in Florida and in this District, in sharp contrast to the above cases.

Unisoc further relies on non-patent district court cases to support its jurisdictional arguments, but these too are unavailing. *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, Nos. 2924; 20-MD-2924, 2020 U.S. Dist. LEXIS 220610, at *41 (S.D. Fla. Nov. 24, 2020) (denying jurisdictional discovery); *Zanakis v. Scanreco, Inc.*, No. 18-cv-21813-UU, 2019 U.S. Dist. LEXIS 89210, at *51 (S.D. Fla. Feb. 5, 2019) (holding Swiss company that manufactured joysticks for industrial products in a products liability case was not subject to specific jurisdiction in Florida); *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1117 (S.D. Fla. 2019) (class-action product liability case concerning defective airbags where court found it could not exercise personal jurisdiction over certain foreign defendants). *Zantac* does not even make a holding on the issue of personal jurisdiction and neither *Zanakis* nor *Takata* address any patent claims, much less personal jurisdiction issues related to patent claims.

Defendant's reliance on *Twombly* and *Confirmis* for its argument that Plaintiff fails to properly plead direct infringement is misplaced. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007) (addressing the proper standard for pleading an antitrust conspiracy claim under the Sherman Act); *Conformis, Inc. v. Zimmer Biomet Holdings, Inc.*, No. 1:19-cv-21499, 2022 U.S. Dist. LEXIS 99343, at *9 (D. Del. June 3, 2022) (dismissing without prejudice claims of direct patent infringement because plaintiff failed to specifically allege infringement occurring in the United States). First, *Twombly* addresses antitrust conspiracy claims under 15 U.S.C. § 1, *see Twombly*, 550 U.S. at 548, but in any case Plaintiff's complaint and pleadings fully satisfy the standards set forth by the Supreme Court in that case. Second, and most importantly, Plaintiff's complaint specifically alleges infringement occurring in the United States and in this District (*e.g.*, Dkt. 1 at ¶¶ 10, 28, 124) thus making this case distinguishable from *Conformis*. In *Conformis*, the court found that "nowhere" in the complaint did the plaintiff specifically allege direct infringement. *Conformis*, 2022 U.S. Dist. LEXIS 99343, at *9. That is not case here

where Plaintiff properly alleges direct infringement occurring in the United States in every count of the complaint, including against Unisoc (*see above*).

Defendant's reliance on *Iqbal* and *Commil* for its argument that Plaintiff fails to properly plead indirect infringement is also misplaced. *Iqbal*, 556 U.S. at 681 (2009) (holding plaintiff's pleadings as insufficient to survive a motion to dismiss in action against federal officials for unconstitutional discrimination); *Commil USA, LLC v. Cisco Sys., Inc.,* 575 U.S. 632, 647 (2015) (reaffirming *Global-Tech* and holding that an infringer's belief in invalidity is no defense to a claim of induced infringement). *Iqbal* did not involve a patent claim and *Commil* did not hold on the issue of properly pleading an indirect patent infringement claim. Thus, neither one of these cases supports dismissal of Plaintiff's indirect infringement claims.

Defendant's argument that Plaintiff's willful infringement allegations should be dismissed also is not supported under *Halo*, *Global-Tech, Atmos,* or *CTP*. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 579 U.S. 93, 110 (2016) (holding that a district court may in its discretion award enhanced damages for patent infringement in "egregious cases"); *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) (holding that induced infringement requires knowledge that the induced acts constitute patent infringement and affirming judgment against defendant that evidence supported knowledge under the doctrine of willful blindness); *Atmos Nation, LLC v. BnB Enter*., *LLC*, No. 0:16-cv-62083-CIV, 2017 U.S. Dist. LEXIS 135129, at *6–8 (S.D. Fla. Aug. 22, 2017) (dismissing willful patent infringement claims without prejudice because plaintiff pled "no facts to suggest that [d]efendant had knowledge, let alone the circumstances indicating egregious behavior."); *CTP Innovations, LLC v. Solo Printing, Inc.*, No. 1:14-cv-21499, 2014 U.S. Dist. LEXIS 190232, at *6–9 (S.D. Fla. July 15, 2014) (denying defendant's motion to dismiss direct patent infringement claims but granting motion on willful patent infringement claims). Neither *Halo* nor *Global-Tech* held on dismissing claims of willful

12

infringement and do not warrant dismissing of Plaintiff's willful infringement claims. *Atmos* and *CTP Innovations* are not persuasive because the allegations of willful infringement against Defendant in this case pre-date the filing of the complaint.

## IV. CONCLUSION

For all the foregoing reasons, this Court should deny Unisoc's motion in its entirety, or in the alternative, grant Plaintiffs' leave to conduct jurisdictional-specific discovery and/or amend the Complaint to more specifically plead the direct, indirect and willful infringement allegations.

Dated: January 31, 2023

*/s/ Paul Richter*
Paul Richter
prichter@devlinlawfirm.com
Christopher Clayton
cclayton@devlinlawfirm.com
Adam Woodward
Florida Bar No. 1029147
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
Email:awoodward@devlinlawfirm.com

Jose I. Rojas
Florida Bar No.: 331546
jrojas@rojaslawfirm.com
Alexander F. Rojas
Florida Bar No.: 124232
arojas@rojaslawfirm.com
**ROJASLAW**
201 S. Biscayne Blvd., 28th Floor
Miami, FL 33131
Telephone: (305) 446-4000
Facsimile: (305) 985-4146

*Attorneys for Plaintiff Bell Northern Research, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

/s/ Paul Richter
Paul Richter