# IN UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BELL NORTHERN RESEARCH, LLC,<br><br>　　Plaintiff,<br><br>　　v.<br><br>HMD AMERICA, INC., HMD GLOBAL OY, SHENZHEN CHINO-E COMMUNICATION CO. LTD., HON HAI PRECISION INDUSTRY CO., LTD, TINNO MOBILE TECHNOLOGY CORP., SHENZHEN TINNO MOBILE CO., LTD., TINNO USA, INC., UNISOC TECHNOLOGIES CO. LTD., SPREADTRUM COMMUNICATIONS USA, INC., WINGTECH TECHNOLOGY CO., LTD., WINGTECH INTERNATIONAL, INC., HUAQIN CO. LTD., BEST BUY CO., INC., BEST BUY STORES L.P., TARGET CORP., WALMART INC.,<br><br>　　Defendants. | Case No. 1:22-cv-22706-RNS |

**DEFENDANT UNISOC TECHNOLOGIES CO. LTD.'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

**TABLE OF CONTENTS**

I.    THE COURT LACKS PERSONAL JURISDICTION OVER UNISOC ........................... 1

II.    PLAINTIFF DOES NOT PLEAD ANY ACTIVITY BY UNISOC THAT COULD POSSIBLY DIRECTLY INFRINGE THE ASSERTED PATENTS .................. 3

III.    PLAINTIFF FAILS TO ADEQUATELY PLEAD INDIRECT AND WILLFUL INFRINGEMENT BY UNISOC ................................................................................ 4

IV.    CONCLUSION ............................................................................................................ 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.*,
   480 U.S. 102 (1987) .................................................................................................... 1

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................. 3, 4

*Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*,
   915 F. Supp. 2d 1365 (N.D. Ga. 2013) ..................................................................... 3

*Atmos Nation, LLC v. BnB Enter., LLC*,
   No. 0:16-cv-62083-CIV, 2017 WL 5004844 (S.D. Fla. Aug. 22, 2017) ................... 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................. 3, 4

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) .................................................................................................... 1

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015) .................................................................................................... 4

*CTP Innovations, LLC v. Solo Printing, Inc.*,
   No. 1:14-cv-21499, 2014 WL 11997838 (S.D. Fla. July 15, 2014) ......................... 4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016) ...................................................................................................... 4

*In re Takata Airbag Prod. Liab. Litig.*,
   396 F. Supp. 3d 1101 (S.D. Fla. 2019) ............................................................. 1, 2, 3

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*,
   580 U.S. 328 (2017) .................................................................................................... 2

*Trimble Inc. v. PerDiemCo LLC*,
   997 F.3d 1147 (Fed. Cir. 2021) ................................................................................. 2

*Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co Ltd.*,
   No. 2:21-cv-00378, 2022 U.S. Dist. LEXIS 205106 (E.D. Tex. Nov. 10, 2022) ..... 2

*Wolf v. Celebrity Cruises, Inc.*,
   683 F. App'x 786 (11th Cir. 2017) ........................................................................... 3

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ................................................................................................................. 1

**Rules**

Fed. R. Civ. P. 12 ............................................................................................................................ 4

Fed. R. Civ. P. 4 ......................................................................................................................... 2, 3

### I. THE COURT LACKS PERSONAL JURISDICTION OVER UNISOC

All that Plaintiff was able to amass for specific jurisdiction over Unisoc[1] comes down to 1) webpages listing several Unisoc chipsets; and 2) that some other company's products found in the United States apparently contain Unisoc chipsets. ECF No. 127 at 3-7 ("Opp."). Then, without any further support, Plaintiff states that "there is *no doubt* that Unisoc introduces infringing products into the stream of commerce within the United States." Opp. at 3 (emphasis added). But personal jurisdiction requires more than pure conjecture. *See, e.g.*, *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980) (holding that exercise of specific jurisdiction requires showing that the defendant placed the accused products into the "stream of commerce with the expectation that they will be purchased by consumers in the forum State" where expectation requires more than mere "foreseeab[ility]"); *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1155 (S.D. Fla. 2019) ("[S]pecific jurisdiction under the stream of commerce theory will not be sustained upon unspecific and generalized allegations."). Neither the Complaint nor Plaintiff's opposition brief identifies the requisite contacts with the forum.

The "substantial connection" with the forum "necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State*." *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.*, 480 U.S. 102, 112 (1987) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). Plaintiff, however, fails to identify any Unisoc activity purposefully directed toward Florida or the United States. Instead, Plaintiff cites a Unisoc website that simply acknowledges its products are "sold on a global scale." Opp. at 5. Nor is it significant that the Unisoc website links to the Nokia T20 as a product example—the Nokia T20 is sold globally.[2] None of this shows Unisoc directing anything toward

---

[1] Plaintiff does not assert general personal jurisdiction over Unisoc.
[2] *See, e.g.*, https://www.nokia.com/phones/en_int/nokia-t-20?sku=F20RID1A001 at n.3.

1

Florida or the United States. Plaintiff's only evidence of activity directed to Florida or the United States is *that of other companies*. Plaintiff thus fails to "allege the necessary 'something more' to invoke this Court's jurisdiction" under stream of commerce. *Takata*, 396 F. Supp. 3d at 1154.

Plaintiff also errs by dismissing this Court and Supreme Court cases because they are "non-patent cases"[3] (Opp. 9-12), and instead relies on the *Viavi* case from the Eastern District of Texas while omitting key details (Opp. 6). In reaching its decision in *Viavi*, the Texas court noted that "the record reflects that [Defendant] Crystal . . . *knew (or should have reasonably known)* the likely destination of the products." *Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co Ltd.*, No. 2:21-cv-00378, 2022 U.S. Dist. LEXIS 205106, *14-15 (E.D. Tex. Nov. 10, 2022) (emphasis added). Here, there is no record showing such knowledge or any purposeful availment of Florida or the United States. Instead, this case is more like *Takata* because Plaintiff does not allege Unisoc designed its products "in or specifically for the" U.S.; "directed any advertising campaign"; "established any channels for advising customers in the" U.S.; "created the distribution network in the" U.S.; "provided any financial support to" a U.S. distributor; or "otherwise controlled" companies performing such activities. 396 F. Supp. 3d at 1154. In fact, this case is even stronger because, unlike in *Takata*, Unisoc does not have any parent-subsidiary relationship with companies that sell the accused products in the United States. *See id.*; *cf.* Zhen Decl. (ECF No. 91-1), ¶¶ 5-12.

Plaintiff raises Rule 4(k)(2) in its Opposition despite not alleging it in the Complaint. Regardless, Plaintiff fails to identify any different evidence or argument under Rule 4(k)(2). Opp.

---

[3] "[P]atent law is governed by the same . . . procedural rules as other areas of civil litigation." *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. 328, 340 (2017). There are no "special" patent rules for personal jurisdiction. *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1154 (Fed. Cir. 2021) ("personal jurisdiction cannot rest on special patent policies").

7 (relying on its non-Rule 4(k)(2) argument). As explained above, Plaintiff fails to allege sufficient contacts with Florida or the United States (under Rule 4(k)(2)) to exercise jurisdiction.

Plaintiff's request for jurisdictional discovery should be denied. Jurisdictional discovery is "to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction." *Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013). Plaintiff, however, has not alleged any facts supporting the exercise of personal jurisdiction. Its request for jurisdictional discovery is nothing more than an improper "fishing expedition" that courts routinely reject. *See id.* (collecting cases); *see also Takata*, 396 F. Supp. 3d at 1157 (denying jurisdictional discovery where Plaintiff fails to "specify what information [Plaintiffs have] sought or how that information would bolster [their] allegations") (quoting *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017)). The Court should do the same here.

## II.  PLAINTIFF DOES NOT PLEAD ANY ACTIVITY BY UNISOC THAT COULD POSSIBLY DIRECTLY INFRINGE THE ASSERTED PATENTS

Plaintiff does not meaningfully contest that it fails to adequately plead direct infringement by Unisoc. Instead, Plaintiff misstates the law, makes conclusory allegations, and ignores issues with its Complaint raised in Unisoc's opening brief. *Compare* ECF No. 91 at 9-10 ("Mot."), *with* Opp. at 7-8. As an initial matter, Plaintiff wrongly states the standard for when a motion to dismiss may be granted. Opp. 7. The *Twombly/Iqbal* standard applies to patent cases. *Cf. supra* Note 3.

Plaintiff alleges only that Nokia branded mobile phones and tablets infringe the asserted patents, and alleges only that "these phones contain Unisoc platforms." *See* Opp. at 3. But Unisoc does not make, sell, or import these mobile devices and Plaintiff does not allege otherwise. *Compare* Mot. at 9-10 (noting this), *with* Opp. at 7-8 (not rebutting it). Instead, Plaintiff appears to focus on whether it adequately pled that these mobile devices meet the claim elements. Opp. at 8. But that is the wrong issue because the problem is that Plaintiff fails to give Unisoc "fair notice"

3

of what its claim is against Unisoc and how Unisoc allegedly directly infringes. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). None of the paragraphs Plaintiff cites (¶¶ 114-129) allege any Unisoc activity that could possibly directly infringe any of the asserted patents. Opp. at 8. Plaintiff cannot hide behind its allegations against *different* defendants. The Court should dismiss its claims.

### III. PLAINTIFF FAILS TO ADEQUATELY PLEAD INDIRECT AND WILLFUL INFRINGEMENT BY UNISOC

Plaintiff merely concludes in its opposition that it "amply demonstrated . . . indirect and willful patent infringement." Opp. at 8. But this fails to address the issues raised in Unisoc's opening brief. *Compare* Mot. at 10-11, *with* Opp. at 8. Nor does Plaintiff's attempt to distinguish *Iqbal* and *Commil*. Opp. at 12. *Commil* sets forth the elements for an indirect infringement claim and those same elements apply at the pleading stage. And Plaintiff cannot ignore Supreme Court precedent simply because *Iqbal* "did not involve a patent claim." *See supra* Note 3.

Plaintiff's attempts to distinguish cases for willful infringement similarly fails. *Halo* sets forth the elements of a willful infringement claim and, like indirect infringement, those same elements apply at the pleading stage. Plaintiff states that *Atmos* and *CTP Innovations* "are not persuasive because" its willful infringement allegations here "pre-date the filing of the complaint." Opp. at 13. Plaintiff, however, fails to cite any such allegation in its Complaint. *See id.* Rather, the Complaint does not allege *any* knowledge that "pre-date[s] the filing of the complaint." *See* ECF No. 1.

The Court should dismiss the indirect and willful infringement claims against Unisoc.

### IV. CONCLUSION

For the above reasons, the Court should dismiss this case as to Unisoc under Federal Rule of Civil Procedure 12 (b)(2) or 12 (b)(6).

4

Respectfully submitted,

__/s/ Terri Ellen Tuchman Meyers_____
Terri Ellen Tuchman Meyers
Fla. Bar No. 881279
tmeyers@klugerkaplan.com
Marissa Reichel
mreichel@klugerkaplan.com
Fla. Bar No. 1016190
**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
201 S. Biscayne Boulevard, 27th Floor
Miami, FL 33131
Tel: (305) 379-9000

Qingyu Yin (*admitted pro hac vice*)
qingyu.yin@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue N.W.
Washington, DC 20001
Tel: (202) 408-4000

Benjamin R. Schlesinger (*admitted pro hac vice*)
Benjamin.schlesinger@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
271 17th Street, NW, Suite 1400
Atlanta, GA 30363-6209
Tel: (404) 653-6416

Jacob A. Schroeder (*admitted pro hac vice*)
jacob.schroeder@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, CA 94304
Tel: (650) 849-6600

Yi Yu (*admitted pro hac vice*)
yi.yu@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer St., Suite 800
Reston, VA 20190
Tel: (571) 203-2700

*Attorneys for Defendant Unisoc (Shanghai) Technologies Co., Ltd.*