UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:22-cv-22706-SCOLA/GOODMAN

BELL NORTHERN RESEARCH, LLC,

        Plaintiff,

v.

HMD AMERICA, INC., HMD GLOBAL OY,
SHENZHEN CHIINO-E COMMUNICATION
CO. LTD., HON HAI PRECISION
INDUSTRY CO., LTD, TINNO MOBILE
TECHNOLOGY CORP., SHENZHEN TINNO
MOBILE CO., LTD., TINNO USA, INC.,
UNISOC TECHNOLOGIES CO. LTD.,
SPREADTRUM COMMUNICATIONS USA,
INC., WINGTECH TECHNOLOGY CO. LTD.,
WINGTECH INTERNATIONAL, INC.,
HUAQIN CO. LTD., BEST BUY CO., INC.,
BEST BUY STORES L.P., TARGET CORP.,
WALMART INC.,

        Defendants.

_____/

REPORT AND RECOMMENDATIONS ON
DEFENDANT'S MOTION FOR EXCEPTIONAL CASE STATUS

       Former UCLA football coach Henry Russell "Red" Sanders (1905 – 1958)

famously said "winning isn't everything; it's the only thing." Coach Sanders' view

controls the disposition of Defendant's Motion for Exceptional Case Status. To win the

motion, which would entitle it to attorney's fees, Defendant Hon Hai Precision Industry Co., Ltd. ("Hon Hai") had to be deemed what is, in effect, the winner of the case. Technically, in legal jargon, it needed to be branded "the prevailing party." But, as discussed below, Hon Hai is not the prevailing party.

So, yes, Hon Hai was dismissed from the case (albeit without prejudice). And it's correct to say that dismissal is generally a favorable result for a defendant. But a without-prejudice, voluntary dismissal is not the legal equivalent of what Coach Sanders is famous for saying about *actually* winning. For purposes of our ruling, *prevailing* is the legal equivalent of winning, and it is indeed the only thing here. And that Hon Hai did not obtain.

The background underlying Hon Hai's inability to obtain Coach Sanders' goal of being a true winner begins after Plaintiff Bell Northern Research ("BNR") filed a motion for voluntary dismissal. This Court dismissed without prejudice the case against Hon Hai as a result. Following that dismissal, Hon Hai filed a motion for exceptional case status. [ECF No. 163]. Hon Hai did so in an effort to obtain statutory attorney's fees under 35 U.S.C. § 285. [ECF No. 163]. BNR filed an opposition response and Hon Hai filed a reply. [ECF Nos. 176, 178]. United States District Judge Robert N. Scola, Jr. referred the motion to me. [ECF No. 165].

The Undersigned **respectfully recommends** that Judge Scola **deny** the motion because Hon Hai is not a prevailing party. The reasons are straightforward: The claim

against Hon Hai was voluntarily dismissed, the dismissal was without prejudice, the Order [ECF No. 132] granting the motion [ECF No. 131] for a without-prejudice voluntary dismissal did not rule on (or even discuss) the merits of the claim, and BNR is still able to pursue the patent infringement lawsuit against Hon Hai in another venue. In effect, the without-prejudice voluntary dismissal renders the proceedings a nullity against Hon Hai and leaves the parties as if the action had never been brought. To employ a term often used by courts in this context, the without-prejudice dismissal places no "judicial *imprimatur*" on the legal relationship of the parties.

**<u>Factual Background</u>**

On April 26, 2022, BNR filed a Complaint alleging patent infringement against Hon Hai and various other defendants (the "21035 case"). *Bell Northern Research, LLC v. HMD America, Inc*., No. 1:22-cv-21035-RNS, ECF No. 1 (S.D. Fla. Apr. 6, 2022). The 21305 Complaint included the allegation that Hon Hai "introduce[d] products and services into the stream of commerce that incorporate infringing technology, knowing that they would be sold in this judicial district and elsewhere in the United States." *Id*. at ¶ 6. [BNR notes that Hon Hai to this day touts itself as the "largest electronics manufacturer" in the world.].

The first Complaint alleged infringement under 35 U.S.C. § 271 against defendants, including Hon Hai, on 13 patents, with 19 exemplary phones and tablets as the accused products. *Id*. at ¶ 98. Specific allegations relating to the infringing

technology of these accused products were detailed throughout the Complaint. *See id*. at ¶¶ 99–345.

Approximately a month after the 21035 case was filed, Hon Hai's counsel contacted BNR's counsel, and the parties communicated about the case over the phone and via email from May 11 until August 24, 2022. Part of those communications led to a 90-day extension on May 20th for Hon Hai to respond to the first Complaint in exchange for waiving service, thus extending its response date to the end of August, 2022.

According to BNR, during these telephone conversations, Hon Hai's counsel never raised an issue of alleged lack of personal jurisdiction over Hon Hai in this Court. Instead, BNR advises that Hon Hai's counsel indicated that Hon Hai did not manufacture the accused devices for HMD (another defendant) and should be dismissed for that reason. However, BNR explains, Hon Hai's counsel never offered any evidence of Hon Hai's supposed non-involvement in making the accused products in the first Complaint, such as a declaration from Hon Hai.

Shortly before the extended due date for Hon Hai to respond to the first Complaint on August 25, 2022, the 21035 case was dismissed without prejudice by BNR against all of the named defendants in that case (including Hon Hai). [ECF No. 55, 1:22-cv-21035-RNS, (S.D. Fla. Aug. 25, 2022.)]. BNR filed its second Complaint (this case) that same day, August 25, 2022, against Hon Hai and the other defendants,

4

alleging the same bases for infringement, including as against some additional accused products and naming some additional defendants. *Bell Northern Research, LLC v. HMD America, Inc.*, No. 1:22-cv-22706-RNS, ECF No. 1 (S.D. Fla. Aug. 25, 2022) (the "22706 case").

In the second Complaint, which is the Complaint in this case, BNR alleged that Hon Hai introduced products and services into the stream of commerce that incorporated infringing technology. (*See id*. at ¶ 6.) BNR alleged the same stream of commerce theory in the 21035 case. (ECF No. 1 at ¶ 6.)

At some point, Hon Hai obtained new counsel. Hon Hai's new counsel first conferred with BNR's counsel on an unopposed 30-day extension request for this 22706 case that was filed on September 23, 2022. [ECF No. 43]. Approximately a week later, on Friday, September 30th, Hon Hai's counsel emailed BNR's counsel, stating that Hon Hai "intends to file a motion to dismiss for lack of personal jurisdiction" and asked if BNR's counsel was available to meet and confer on Monday or Tuesday, pursuant to Local Rule 7.1(a)(3). BNR's counsel confirmed that they were available that afternoon, as requested by Hon Hai, on Monday, October 3, 2022.

As explained by BNR in its response to the instant motion, during the meet and confer on October 3, 2022, counsel for BNR conveyed at the outset its willingness to hear Hon Hai's position and to receive any information about the motion. Hon Hai's counsel indicated that Hon Hai did not sell to Nokia but did sell to Foxconn

International Holdings Mobile. Hon Hai's counsel also advised that Hon Hai had an office in California.

BNR says it requested a draft of the motion that Hon Hai intended to file but that Hon Hai's counsel provided a non-committal response and that Hon Hai intended to file its motion on October 24th. In response to Hon Hai's counsel, BNR's counsel indicated that they would see Hon Hai's motion papers after filing.

On October 20, 2022, Defendants HMD Global Oy, HMD America, Inc., Tinno Mobile Technology Corp., Shenzhen Tinno Mobile Co., Ltd., Tinno USA, Inc., Wingtech Technology Co., Ltd., Wingtech International, Inc., and Walmart Inc. filed a motion (that BNR opposed), asking the Court to set a common response deadline of January 16, 2023 for all Defendants who had either been served or had waived service. [ECF No. 59 at 1]. Hon Hai was not one of the moving parties in this motion, nor is it identified as having conferred with the other Defendants in the Certification of Pre-Filing Conference in the motion.

On October 24, 2022 -- the day that Hon Hai said it would file its motion to dismiss -- the Court reset the response deadline for all Defendants to December 19, 2022. [ECF No. 64]. Hon Hai did not file its intended motion on October 24, 2022 as previously forecasted by Hon Hai's counsel. Instead, Hon Hai filed its motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction on December 19, 2022. [ECF No. 78]. The following week, counsel for BNR conferred with counsel for

6

Hon Hai and two other Defendants, requesting a three-week extension for BNR to respond to the multiple pending motions to dismiss. After conferring, BNR filed its motion to extend the response deadlines to January 24, 2023 [ECF No. 104], which the Court granted. [ECF No. 105].

On January 23, 2023, BNR's counsel conferred with Hon Hai's counsel regarding a one-week extension for further discussion on "dropping" Hon Hai and where jurisdiction might be proper. Hon Hai confirmed that it did not oppose BNR's requested extension.

Counsel for BNR and Hon Hai later conferred via teleconference on January 26, 2023 and agreed that BNR would dismiss Hon Hai without prejudice. On January 31, 2023, BNR filed, as unopposed, its motion to dismiss without prejudice Hon Hai and Spreadtrum Communications USA, Inc ("Spreadtrum"). [ECF No. 126]. Defendants HMD Global Oy and HMD America, Inc. opposed the motion [ECF No. 129], and Hon Hai filed a notice of clarification which flagged its opposition to "an order that each party shall bear its own costs, expenses, and attorneys' fees." [ECF No. 128]. The Court denied BNR's motion without prejudice. [ECF No. 130].

After conferring with Defendants, BNR filed a second motion to dismiss without prejudice as to Hon Hai and Spreadtrum. [ECF No. 131]. On February 6, 2023, the Court dismissed without prejudice Hon Hai and Spreadtrum, consistent with Fed. R. Civ. P. 41(a)(2), but did not adopt the terms of the proposed order submitted by

7

BNR that "each party shall bear its own costs, expenses, and attorneys' fees." [ECF No. 132].

Approximately a month after Hon Hai was dismissed from the case, its counsel emailed BNR's counsel regarding exceptional case status. The parties met and conferred on March 23, 2023. BNR explained its position that Hon Hai was not entitled to any fees and pointed out certain problems with Hon Hai's draft motion and declarations.

Although Hon Hai did not agree with what BNR said during the meet and confer regarding the merits of the exceptional case status motion, Hon Hai's counsel provided BNR with updated declarations and a new email exhibit.

Hon Hai's motion for exceptional case status discusses its view that the lawsuit against it should never have been filed. It argues that BNR lacked adequate facts to accuse it of patent infringement and it likewise contends that BNR lacked facts to establish personal jurisdiction over it in the Southern District of Florida.

But the Undersigned need not dive into the murky waters of the merits (or lack of merits) of BNR's allegations. If the Court does not find Defendant to be a prevailing party, then it has no discretion to award fees under § 285 -- and we do not have to analyze whether the case is exceptional. *See F4W, Inc. v. Tracstar Sys., Inc.*, No. 612CV1539ORL28KRS, 2015 WL 12838856, at *6 (M.D. Fla. Apr. 3, 2015), *report and recommendation adopted*, No. 612CV1539ORL28KRS, 2015 WL 12840464 (M.D. Fla. June

8

18, 2015) (holding that "If the Court finds that TracStar is not a prevailing party in this case, it has no discretion to award attorney's fees under § 285. Consequently, this Court need not reach the question of whether TracStar met its burden of establishing that this case is 'exceptional' within the meaning of § 285.").

## Applicable Legal Standards and Analysis

Hon Hai brings this motion under 35 U.S.C. § 285, which states: "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Defendant's motion was also filed pursuant to Fed. R. Civ. P. 54(d)(2) and Local Rule 7.3(a).

An "exceptional" case under 35 U.S.C. § 285 "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

A "prevailing party" determination under 35 U.S.C. § 285 requires a "material alteration of the legal relationship of the parties" that is marked by "judicial *imprimatur*." *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 992 (Fed. Cir. 2020) (quoting *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016)

(affirming district court's denial of § 285 attorneys' fees where a Rule 41 dismissal without prejudice was found to not alter the legal relationship between the parties and did not confer prevailing-party status)); *see also*, *Mixing & Mass Transfer Techs., LLC v. SPX Corp.*, No. 19-529 (MN), 2020 WL 6484180, at *3 (D. Del. Nov. 4, 2020) (denying motion for attorneys' fees and holding that a court-ordered dismissal without prejudice did not confer prevailing-party status under § 285 because the dismissal would not prevent plaintiff from reasserting the same claims against defendants in another action); *see also Ctr. Way Co. Ltd. v. Individuals*, No. 22-61705-CIV-SINGHAL, 2023 U.S. Dist. LEXIS 52198, at *1 (S.D. Fla. Mar. 27, 2023) (prevailing party status not conferred by voluntary dismissal under Rule 41(a)(1)(A)(i)).

As noted, Judge Scola dismissed the case against Hon Hai under Fed. R. Civ. P. 41.

Rule 41 is divided into two main sections. The first, section (a), concerns a voluntary dismissal. The second, section (b), concerns an involuntary dismissal. The Order at issue here is a section (a) dismissal.

Section (a), in turn, is divided into dismissals "By the Plaintiff," which is section (1), and "By Court Order," which is section (2). Judge Scola dismissed the case against Hon Hai, making it a Rule 41(a)(2) type Order.

The final sentence of Rule 41(a)(2) provides that, "[u]nless the order states otherwise, a dismissal under this paragraph (2) is **without prejudice**." (emphasis

added). Thus, the rule itself classifies the Order as being without prejudice, and the Order itself expressly classifies the dismissal as one without prejudice.

So the issue is whether a without-prejudice dismissal under Rule 41(a)(2) confers prevailing party status on Hon Hai under §285. The answer to that question is "no."

The Eleventh Circuit has determined that claimants in a civil forfeiture lawsuit did not substantially prevail because a dismissal without prejudice places "'no judicial *imprimatur*' on 'the legal relationship of the parties,' which is 'the touchstone of the prevailing party inquiry.'" *United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1303 (11th Cir. 2019) (quoting *CRST Van Expedited, Inc. v. Equal Emp't Opportunity Comm'n*, 578 U.S. 419, 422, 136 S. Ct. 1642, 1646, 194 L.E.2d 707 (2016)).[1] The *$70,670.00* Court also explained that "[a] voluntary dismissal without prejudice 'renders the proceedings a nullity and leaves the parties as if the action had never been brought.'" *Id.* (quoting *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996)).

In addition, district courts in our Circuit have repeatedly held that "a party is not considered to be the 'prevailing party' after a voluntary dismissal without

---

[1]    The *$70,670.00* Court cited with approval *Loggerhead Turtle v. Cty. Council of Volusia Cty.*, 307 F.3d 1318, 1322 n.4 (11th Cir. 2002) for the proposition that the Court "interpret[s] 'substantially prevailed' fee-shifting statutes consistently with 'prevailing party' fee-shifting statutes" -- like § 285).

prejudice under Rule 41(a)(2)." *Temurian v. Piccolo*, No. 18-CV-62737, 2021 WL 1520588, at *4 (S.D. Fla. Mar. 3, 2021), *report and recommendation adopted*, No. 18-62737-CIV, 2021 WL 1121003 (S.D. Fla. Mar. 24, 2021). *See also, Pat. Licensing & Inv. Co., LLC v. Green Jets Inc.*, No. 11-80689-CIV, 2013 WL 12250542, at *2 (S.D. Fla. Feb. 26, 2013), *report and recommendation adopted*, No. 11-80689-CIV, 2013 WL 12250425 (S.D. Fla. Mar. 29, 2013) ("District Court's dismissal without prejudice for lack of subject matter jurisdiction based on [the] [p]laintiff's voluntary execution of the [c]ovenant not to [s]ue does not make the [d]efendant the prevailing party."); *Sream, Inc. v. Cary Tobacco I, Inc.*, No. 16-23963-CIV, 2017 WL 6408981, at *3 (S.D. Fla. Aug. 2, 2017), *report and recommendation adopted*, No. 16-CV-23963, 2017 WL 6408996 (S.D. Fla. Aug. 17, 2017) (The defendant was not a prevailing party "because this action was only dismissed without prejudice due to the failure of [the] [p]laintiff to establish subject matter jurisdiction."); *Matter of C.A.*, No. 10-23579-CIV, 2013 WL 12380649, at *3 (S.D. Fla. Mar. 14, 2013), *report and recommendation adopted*, No. 10-23579-CV, 2013 WL 12380650 (S.D. Fla. Apr. 11, 2013) ("The petitioner voluntarily moved the Court to dismiss his own action, and the Court granted the petitioner's voluntary motion to dismiss his own case. This does not render the respondent the prevailing party in this case and the respondent is not entitled to costs under Federal Rule of Civil Procedure 54 in this case.").

Furthermore, district courts in our Circuit continue to follow this rule. For example, the Court last year held that "under federal law, the law is well settled that a

dismissal without prejudice *does not alter the legal relationship between the parties.*" *S.-Owners Ins. Co. v. Marquez*, No. 20-81431-CIV, 2022 WL 2651661, at *18 (S.D. Fla. July 8, 2022) (emphasis added) (quoting *Sream*, 2017 WL 6408981 at *3).[2]

Similarly, a Northern District of Florida Court held, while ruling on a motion for voluntary dismissal under Rule 41(a)(2), that "a dismissal without prejudice would not confer 'prevailing party' status to [the] [d]efendant." *Pohl v. MH Sub I, LLC*, 407 F. Supp. 3d 1253, 1256 (N.D. Fla. 2019). The *Pohl* Court relied on a ruling from the 9th Circuit, "finding that voluntary dismissal without prejudice does not confer prevailing party status." *Id.* (citing *Cadkin v. Loose*, 569 F.3d 1142, 1149 (9th Cir. 2009)).

The "without prejudice" status of the voluntary dismissal here is critical, as a "with prejudice" dismissal could yield a contrary result. *See, e.g., Highway Equipment Co., Inc. v. FECO, Ltd*. 469 F.3d 1027, 1035 (Fed. Cir. 2006) ("we conclude as a matter of patent law, the dismissal **with prejudice**, based on covenant and granted pursuant to the district court's discretion under Rule 41(a)(2), has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties, such that the district court properly could entertain FECO's fee claim under 35 U.S.C. § 285." (emphasis added)).

---

[2]     The *Sream* Court noted that "[m]ultiple circuits have held that a dismissal without prejudice is not a 'judgment on the merits' for the purpose of awarding attorney's fees to a prevailing party because it does not alter the legal relationship of the parties, as the plaintiff may re-file the case." 2017 WL 6408981 at *2.

**Conclusion**

Given that Hon Hai is not the prevailing party, the Undersigned **respectfully recommends** that Judge Scola **deny** the motion. There is no need to assess whether the case was exceptional or to address the other arguments raised by both sides.

And, for purposes of stylistic harmony, the Undersigned will end with a famous quote from another sports legend, Paul "Bear" Bryant (1913 – 1983, former University of Alabama football coach): "Winning isn't everything, but it beats anything that comes in second."

Hon Hai obtained a dismissal here, but it took second place in the wrestling match over the issue of whether it also is a prevailing party under 35 U.S.C. § 285. Coming in second place is insufficient to entitle Hon Hai to correctly declare itself a prevailing party winner under § 285.[3]

---

[3]     Although Hon Hai says it is also relying on Fed. R. Civ. P. 54 for legal support, the rule does not provide support (and Hon Hai does not discuss how or why Rule 54 generates substantive support for its statutory fees request). To be sure, Rule 54 does say, in part, that "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." But, as explained in *S.-Owners*, "under federal law, 'the law is well settled that a dismissal without prejudice does not alter the legal relationship between the parties.'" 2022 WL 2651661, at *18 (citing *Sream*, 2017 WL 6408981, at *3).

Hon Hai also says that its motion is filed under Local Rule 7.3(a), but that rule provides only the *procedure* for seeking fees (e.g., when to file the motion), not the substantive legal grounds for entitlement to fees.

**Objections**

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on October 30, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record