UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:22-cv-22706-SCOLA/GOODMAN

**BELL NORTHERN RESEARCH, LLC,**

        **Plaintiff,**

v.

**HMD AMERICA, INC., et al**

        **Defendants.**

_____/

**REPORT AND RECOMMENDATIONS ON
DEFENDANTS' MOTION TO SEVER AND STAY THE CLAIMS**

"*Time and tide wait for no man.*"
- Geoffrey Chaucer, English poet and author of "The Canterbury Tales" (1342/43 – 1400)

*****

"*Waiting too long before taking corrective action could be dangerous and cause long-term damage.*"
- David Frost, British television host (1939 – 2013)

*****

"*Some people wait so long for their ship to come in, their pier collapses.*"
- John Goddard, American adventurer and explorer (1924 – 2013)

*****

Defendants HMD America, Inc., HMD Global Oy (collectively, "HMD") and Best Buy Co., Inc., Best Buy Stores L.P., Target Corp., and Walmart Inc. (collectively, the "Retail

Defendants") filed a Motion to Sever and Stay the Claims (the "Motion") against the Retail Defendants until the claims against HMD are resolved.[1] [ECF No. 232]. Plaintiff, Bell Northern Research, LLC ("Plaintiff") filed a response [ECF No. 237] and Defendants filed a reply. [ECF No. 248].

Senior United States District Judge Robert N. Scola, Jr. referred this motion to the Undersigned "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 245]. As explained below, the Undersigned respectfully recommends that Judge Scola **deny** the Motion.     Plaintiff filed its initial Complaint on August 25, 2022. [ECF No. 1]. Plaintiff's Complaint accuses HMD of patent infringement, as well as some of HMD's customers, the Retail Defendants. [ECF No. 1]. Defendants filed their Answer and Affirmative Defenses to Plaintiff's Complaint on December 19, 2022. [ECF No. 84]. Almost a year later, on October, 19, 2023, Defendants filed the instant Motion. [ECF No. 232].

A district court has discretionary power to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id*.

The Motion requests this Court to enter a stay against the Retail Defendants until

---

[1] The Undersigned will refer to HMD and the Retail Defendants collectively as "Defendants".

Plaintiff's claims against HMD are resolved. *Id.* at 1. Defendants argue that a stay is appropriate under either the customer-suit doctrine or the traditional stay factors. *Id*. at 2. Plaintiff disagrees and argues that "a stay of the litigation at this late stage of the case is [not] warranted under either the customer-suit doctrine or the traditional stay factors." [ECF No. 237, p. 1].

The customer-suit doctrine typically applies "where patent litigation is brought against customers of a manufacturer, and a later action is filed against the manufacturer." *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). Courts routinely stay the action against the customers because "the manufacturer is the true defendant in the customer suit." *Id*. The doctrine also applies when both the customer and manufacturer are sued in the same action. *In re Nintendo of America, Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014). According to the customer-suit doctrine, if the manufacturer and customer are not accused of the same infringement claims, then the doctrine cannot apply. *Id.*

> the manufacturer and the customer must be accused of the same infringement claim(s) for the exception to apply. *See Nintendo*, 756 F.3d at 1366. If the suit against the manufacturer does not resolve all infringement claims against the customer, the "customer suit" doctrine is inapplicable because "the issues of infringement as to the manufacturer and the customer are 'not entirely common.'" *InfoGation Corp. v. ZTE Corp.*, No. 16-CV-01901-H-JLB, 2016 WL 9525235, at *3 (S.D. Cal. Dec. 21, 2016) (quoting *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1659924, at *3 (E.D. Tex. Apr. 26, 2016) ); *see, e.g., Carucel Investments, L.P. v. Novatel Wireless, Inc.*, No. 16-CV-118-H-KSC, 2016 WL 8738221, at *3 (S.D. Cal. May 13, 2016) (explaining that the "customer suit" exception cannot apply when the action against the manufacturer would not resolve all charges against the retailers); *Erfindergemeinschaft Uropep*, 2016 WL 1659924, at *3 ("Therefore, unlike *Nintendo* and other cases

3

>involving the customer-suit exception, the issue of infringement is not entirely common to Brookshire and Lilly, as proof of infringement by Lilly would not necessarily establish infringement by Brookshire."). Thus, the "customer-suit" doctrine applies only if the claims against the manufacturer resolve all claims against the customer. This limitation ensures that the underlying principles of "facilitate[ing] just, convenient, efficient, and less expensive determination[s]" remain the "customer suit" doctrine's guiding force. *Nintendo*, 756 F.3d at 1365.

*Tile Tech, Inc. v. Appian Way Sales, Inc.*, No. C17-1660JLR, 2018 WL 2113958, at *3 (W.D. Wash. May 8, 2018).

In *Nintendo*, the plaintiff filed suit against Nintendo of America, Inc. ("Nintendo") and eleven retailer defendants in Texas. In response to the complaint, the defendants filed a motion to sever and stay the claims against the eleven retailer defendants and transfer the separated action against Nintendo to Washington, where Nintendo "coordinates the manufacture and marketing of its products." *Id*. at 1365. Additionally, the eleven retailer defendants "stipulated that they would be bound by any judgement rendered by the transferee court in the Nintendo litigation." *Id*. The district court denied the defendants' motion because, "[the] [p]laintiffs should be allowed to pursue Nintendo and the [r]etailer [d]efendants simultaneously for an award of damages, even though it may only collect once." *Id*. The Federal Circuit vacated the district court's order because the customer-suit doctrine applied and to help facilitate judicial economy. *Id*. at 1366.

Plaintiff argues that the case should not be stayed under the customer-suit doctrine because: (1) the Retail Defendants failed to allege with particularity as to "which alleged

4

infringer does what in the United States under [35 U.S.C.] § 271(a)[2][;]" and (2) the Motion was filed very late compared to the defendants in *Nintendo* [ECF No. 237, p. 2]. Additionally, even though Defendants (manufacturer and customer) are accused of the same infringement claims[3], Plaintiff argues that HMD does not exclusively possess the "documents, information, and witnesses relevant to the merits." *Id.* at 1.

Plaintiff contends that the Motion is void of any representations concerning the Retail Defendants' "specific infringing activities within the United States," unlike *Nintendo*, where the defendants provided sufficient information to the court detailing where Nintendo coordinates the manufacture and marketing of its products.[4] [ECF No.

---

[2]    Section 271 states, "(a) [e]xcept as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, **within the United States** or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C § 271(a) (emphasis added).

[3]    Defendants contend that Plaintiff "admits that its infringement claims against the Retail Defendants derive entirely from its infringement claims against HMD -- that is, the infringement claims against the Retail Defendants are based entirely on their selling and/or offering to sell the finished *HMD* products that are accused of infringement." [ECF No. 248, p. 3 (emphasis in original). However, Plaintiff's response stated that it "agrees with HMD and the Retail Defendants that all of the products accused of infringement are 'Nokia-branded mobile devices.' [Plaintiff] also agrees that the Retail Defendants are accused of infringing the asserted patents by 'sell[ing] or offer[ing] to sell' these accused products." [ECF No. 237, p. 1]. Plaintiff did not respond (and therefore agreed via waiver) that HMD supplies all of the Nokia-branded devices at issue to the Retail Defendants.

[4]

> Nintendo coordinates the manufacture and marketing of its products in the United States from its Redmond, Washington campus, where it employs approximately 830 persons. Nintendo states that location is where key executives work, sales and marketing decisions concerning the accused

237, p. 3]. Defendants' reply did not address Plaintiff's issue with the lack of specificity regarding activities within the United States, resulting in a waiver of any argument as to that point. "Failure to respond to an argument may result in waiver." *West 32nd/33rd Place Warehouse Condo. Ass'n, Inc. v. Western World Ins. Co.*, No. 22-CV-21408, 2023 WL 6317993, at *4 (S.D. Fla. Aug. 21, 2023) (citing *Five for Ent. S.A. v. Rodriguez*, No. 11-24142-CIV, 2013 WL 4433420, at *14 (S.D. Fla. Aug. 15, 2013) ("A failure to address issues in response to a motion is grounds for finding that the claims have been abandoned."); *Altare v. Vertical Reality MFG, Inc.*, No. 19-CV-21496, 2020 WL 209272, at *2 (S.D. Fla. Jan. 14, 2020) ("Plaintiff did not respond to this argument and, consequently, the Court deems any response waived.")).

Plaintiff argues that the Motion was filed at the "Eleventh Hour" and that its poor timing distinguishes it from the cases Defendants cite. [ECF No. 237, pp. 1, 3]. The Undersigned agrees. Defendants filed this Motion after almost a *year* of litigating and actively participating in this case -- but nowhere in their Motion does it state *why* they chose to make the request **now**.

The most Defendants acknowledge with regards to Plaintiff's "Eleventh Hour" argument is that it is "not so." [ECF No. 248, p. 5]. Defendants additionally did not contest

---

products are made, and where it maintains documents relating to finance, sales, licensing, contracts, advertising, and product development.

*In re Nintendo of Am., Inc.*, 756 F.3d at 1365.

Plaintiff's assertion that all of the cases "cited by Defendants for staying the case against the Retailer Defendants under the customer-suit doctrine involved early-moving parties." *Id*. at 3.[5] Defendants failed to supply this Court with any supporting authority establishing that their request is viable given its poor timing.

According to Judge Scola's Amended Scheduling Order, the deadline to complete fact discovery is December 1, 2023. [ECF No. 223]. Defendants' Motion was filed less than a month before claim construction discovery was due; and the deadline to complete all expert discovery is January 12, 2024. *Id*. Trial is set for May 14, 2024. *Id*.

One of the reasons the *Nintendo* Court granted the defendants' request to stay was because "granting the motion would resolve [the] claims more efficiently and conveniently." 756 F. 3d at 1365. But that would not be the case here because the only parties that benefit would be the Retail Defendants. If the Court grants this Motion, then

---

[5] Unlike the cases Defendants cite for support, here events such as claim construction briefing and some depositions have already occurred. *See* [ECF No. 237, p. 4 ("*See Xiaohua Huang v. Open-Silicon, Inc.*, No. 18-CV-00707, 2018 WL 5099275, at *4 (N.D. Cal. Aug. 27, 2018) (case in its "early stages" and claim construction had not yet occurred); *Altair Instruments, Inc. v. Telebrands Corp.*, No. 19-cv-08967, 2020 WL 1956516, at *3 (C.D. Cal. Mar. 31, 2020) (case in its "early stages" and no party had noticed depositions.")]. Additionally, Defendants have not cited any legal authority where a movant delayed the filing of a motion to stay or to sever long after the filing of an initial answer or responsive pleading, nor have they cited any authority where a court granted a substantially-belated motion to stay based on facts and legal arguments that were **equally available when the answer or responsive pleading was initially filed.**

Plaintiff would suffer because instead of preparing for a *single* trial "to resolve *all* the issues in the case[,]" Plaintiff would need to prepare for multiple trials.[6]

The Undersigned is unconvinced that the customer-suit doctrine *should* apply here because of Defendants' failure to address why they chose to file this Motion so late. If Defendants had filed this during the *early* stages of litigation, the analysis would end here and I would be inclined to recommend granting the request based on the *Nintendo* principles. But the timing of the Motion, coupled with Defendants' failure to address Plaintiff's contention that HMD does *not* exclusively possess "the documents, information, and witnesses relevant to the merits[,]" leads the Court to conclude (via waiver) that Plaintiff could be prejudiced if staying the Retail Defendants would then prevent Plaintiff from obtaining all relevant discovery. [ECF No. 237, p. 1].

Defendants additionally argue that a stay would still be appropriate even under traditional stay factors. [ECF No. 232, p. 5]. Defendants lists the four factors to determine whether a stay is appropriate as: "(1) the likelihood of the moving party ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed; (3) potential for harm to the opposing party if the stay is issued; and (4) whether issuing a stay would be in the public interest." [ECF No. 232, p. 5 (quoting *Latele Prods., Inc. v. Azteca Int'l Corp.*, No. 16-CV-25347, 2018 WL 11350654, at *1 (S.D. Fla. Dec. 18, 2018)

---

[6] *See* discussion of Defendants' untimely argument about separate trials, at pp. 10, n.7.

(citing *Guirola–Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414, 1417–18 (S.D. Fla. 1987); *Lopez v. Miami-Dade Cty.*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015))].

Defendants fail to substantively address the first factor, aside from a conclusory statement, because "the other three factors weigh heavily in favor of granting a stay." [ECF No. 232, p. 10 (citing *Latele*, 2018 WL 11350654, at *1)]. Defendants' citation is likely prompted by the language, "[b]ecause determining a probable likelihood of success on the merits is 'often difficult in the early stages of litigation,' the Court may grant the motion to stay based on the weight of the other factors, if these other factors 'weigh heavily' in favor of granting the stay." *Latele*, 2018 WL 11350654, at *1 (quoting *Guirola-Beeche*, 662 F. Supp. at 1418). However, as previously stated, this litigation is more than a year in and about two months from the close of all discovery -- *far* past the early stages of litigation.

Regarding the second factor, Defendants state that this stay will allow them to "avoid much of the burdens of discovery, pretrial motions, and trial[7] until the claims

---

[7] Defendants argue in their reply that each Retail Defendant has the right to their own individual trial, separate from the other Retail Defendants. [ECF No. 248, p. 4]. The Court will not consider this new argument because it is not a rebuttal argument; it is a **new** argument presented for the first time in the reply brief. "A reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence." *Baltzer v. Midland Credit Mgmt., Inc.*, No.14–20140–CIV, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) (citing *Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345 (S.D. Fla. 2012); *TCC Air Servs., Inc. v. Schlesinger*, No. 05-80543-CIV, 2009 WL 565516, at *7 (S.D. Fla. Mar. 5, 2009)).

against HMD are litigated on the merits." [ECF No. 232, p. 10]. Defendants argue that if the Court denies their motion, then they would be "irreparably harmed" because "they would be subject to the extensive discovery[8] that the present Motion seeks to avoid." [ECF No. 248, p. 6]. But the "burdens of discovery" will be relieved in less than two months per Judge Scola's Amended Scheduling Order. Second, to the extent that Defendants argue that Plaintiff's recent discovery requests are overly burdensome, the Undersigned will be able to independently evaluate those objections at the discovery hearing scheduled for Wednesday, November 15, 2023. So the mere fact that I recommend denial of this motion will not (if Judge Scola were to adopt this Report and Recommendations) bar the Retail Defendants from obtaining relief if their discovery objections are persuasive.

The third factor addresses the potential for harm to the opposing party if the stay is issued. Defendants argue that Plaintiff would not suffer harm because Plaintiff "does not practice its patents," and that if there is infringement, then Plaintiff could be compensated with damages. [ECF No. 232, p. 10]. Plaintiff disagrees and states that: (1) a stay would delay any enforcement of its patent rights and (2) granting a stay this late in the litigation process would harm Plaintiff because "the public burden of a second trial is

---

[8] Defendants imply that Plaintiff's multiple discovery requests after October 19, 2023 are overly burdensome because: (1) due to when the discovery period closes, Defendants would have less than six weeks to complete the requests; and (2) the time period in which Defendants would need to complete these various requests coincides with their busiest time of year -- the holidays. [ECF No. 248, p. 2]. But the Court can substantively evaluate these contentions at the upcoming discovery hearing.

unfairly put into play." [ECF No. 237, p. 5]. The Undersigned agrees, and notes Defendants' blatant disregard for Plaintiff's available resources especially after implying in its reply that its actions could force Plaintiff to engage in *multiple* versions of the **same** trial.

The fourth factor is centered on whether issuing a stay would be in the public interest. However, because Defendants failed to provide sufficient or convincing arguments as to the first three factors, the Undersigned will not continue its analysis as to the fourth.

The Undersigned respectfully recommends that the Court **deny** Defendants' Motion because: (1) there is no explanation as to why it was filed so close to the end of discovery; (2) Defendants failed to sufficiently address the four factors this Court looks to in determining whether a stay is appropriate; and (3) Defendants failed to assure this Court that Plaintiff would not suffer any undue prejudice or harm if their Motion was granted.

**Objections**

The parties will have five (5)[9] days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within five

---

[9] The Undersigned shortened this deadline from fourteen days to five because Judge Scola's Amended Scheduling Order [ECF No. 223] prescribes a December 1, 2023 deadline for all fact discovery.

(5) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on November 14, 2023.

 

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record